FORSYTHE v. McMURTY ET AL.

1. **Practice:** DISMISSAL OF ACTION: STATUTE CONSTRUED. Sections 2844 and 2845 of the Code of 1873 apply equally to actions at law and suits in equity, and thereunder it is not competent for the court, on its own motion, to dismiss a cause in equity without prejudice, after it has been finally submitted on the evidence. In such case the defendant is entitled to a decision upon the merits, so that the judgment may bar another action for the same cause. BECK, J., *dissenting*.

*Appeal from Decatur Circuit Court.*

THURSDAY, JULY 13.

ACTION for the partition of real estate. The plaintiff claimed to own the undivided one-sixth part thereof. This was denied by the defendants. Upon the issue thus joined there was a trial to the court, and from the judgment the defendants appeal.

*Harvey & Young*, for appellants.

No appearance for appellee.

SEEVERS, CH. J.—This cause was submitted to the court upon the pleadings and evidence introduced by the plaintiff and it was taken under advisement. Afterward there was entered the following decree. " The court finds that plaintiff has failed to prove title in said cause and dismisses said cause, without prejudice, at plaintiff's costs." We understand this to mean that plaintiff had failed to establish that he owned any portion of the land in controversy, and the court therefore, that is because of a failure of proof, dismissed the action without prejudice to the right of the plaintiff to bring another suit. To this the defendant excepted. The only question we are required to determine is whether the court after the final submission of an equity cause has the power to dismiss the same without prejudice—that is so that an action

which has been so submitted will not bar another action brought to recover the same thing.

The statute provides: " An action may be dismissed and such dismissal shall be without prejudice to a future action:

1.   By the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court.

2.   By the court when the plaintiff fails to appear when the case is called for trial.

3.   By the court for want of necessary parties, when not made according to the requirement of the court.

4.   By the court on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence.

5.   By the court for disobedience by the party of an order concerning the pleadings or any proceedings in the action.   In all other cases upon the trial of the action the decision must be upon the merits.   Code §§ 2844, 2845.

It is clear the ruling of the court cannot be sustained under the statute, for the reason the statute does not contemplate that the court, on its own motion, can dismiss a cause without prejudice, after it has been finally submitted.   When evidence has been introduced and the cause is submitted to the court, the decision must be on the merits.   A decision on the merits is a final disposition of the cause and constitutes a bar to another action.   That this is so at law will probably be conceded.   Now is there one rule of practice in actions at law and another in equity causes?

All forms of actions are abolished and proceedings in a civil action must be either at law or chancery.   Code, § 2507. The practice in each is prescribed by statute and when no exception is made the provisions of the statute apply equally to both.   Sections 2844 and 2845 of the Code must apply to both actions at law and in equity, for clearly neither is excepted.   This being so there would be the same propriety in saying they applied solely to equity as there is to say they affect actions at law alone.

We have examined the evidence and find the court found correctly, that the plaintiff failed to establish any title to the premises in controversy, and therefore the defendants were entitled to a decision on the merits. The court erred in dismissing the action without prejudice.

REVERSED.

BECK, J., *dissenting*.—The petition in this case alleges that plaintiff is the owner of an undivided one-sixth of three tracts of land which, under the statute, he inherited from his deceased wife, who inherited from her father, Joshua McMurty, an undivided one-third of the same lands. Attached to the petition is an abstract of the title appearing of record, which shows that Joshua McMurty entered two of the tracts, and John McMurty entered the other. The defendants in their answer deny all the allegations of the petition. The cause, upon the order of the court, was tried upon written testimony, and after the proof had been submitted the court took the case under advisement. John McMurty, brother of Joshua, testified that the tract of land, the patent for which was issued in his name, was intended for Joshua, who furnished the money to make the entry, and that he, with his wife, subsequently conveyed the land to Joshua. There is evidence showing the death of Joshua, the death of plaintiff's wife, that she was a daughter of Johsua, and other facts establishing title in plaintiff to the one-sixth of the land, if the title thereof was in Joshua. But the record fails to show that the title deeds and patents of the land were offered in evidence. The court finding upon the evidence that plaintiff had failed to establish title to the land, dismissed the petition without prejudice. We are authorized to infer that the failure occurred through oversight and that the court was satisfied plaintiff held a valid title or an equity in the land.

Courts of chancery will dismiss a bill without prejudice when there is "a slip or mistake in the pleadings or in the proof," and for like causes. 2 Daniels Ch. Plead. and Prac.,

p. 994. In my opinion under this familiar rule prevailing in equity, the Circuit Court rightly dismissed plaintiff's bill without prejudice to his right to prosecute another action.

The foregoing opinion of the majority of the court is based upon the statutes therein cited. In my judgment these statutes are not intended to limit the power of the court of chancery to grant the relief to which the plaintiff, under the rules prevailing in that forum, is entitled. And I think when, under the rules of equity, it appears that plaintiff has the right to the dismissal of his action without prejudice, these statutes do not cut off that right, which pertains to the *relief*, not to the *form* of proceedings.

The statute (Code, § 2507), abolishes all distinction pertaining to the *forms* of actions. This does not reach rights and remedies. They exist unchanged as prescribed by the rules of equity. As we have seen equity declares that in a case of this character the plaintiff's bill shall be dismissed without prejudice. Sections 2844 and 2845 must, therefore, be understood as applicable alone to actions at law. If they be held applicable to actions in chancery it follows that the powers of the court of equity is thereby abridged and familiar relief granted in that forum, to attain the ends of justice, is prohibited. But this is not the purpose and spirit of the provision of the chapter of the Code wherein the sections relied upon by the majority of the court are found.

In my opinion the judgment of the Circuit Court ought to be affirmed.