## ADAMS COUNTY v. GRAVES.

1.  **Appeal:** TRIAL DE NOVO : CERTIFICATION OF EVIDENCE. Where the trial judge, at the trial term, certified to the short-hand reporter's notes as containing all the evidence introduced and offered, together with objections and rulings thereon, and exceptions of parties; and the reporter, within six months, filed in the clerk's office a duly certified translation of his notes, with a transcript of the judge's certificate, *held* that the evidence was sufficiently certified to authorize a trial *de novo* in this court. (Compare *Merrill v. Bowe*, 69 Iowa, 653).

2.  **Former Adjudication:** SWAMP-LAND CONTRACT : VALIDITY : TITLE UNDER. The plaintiff brought an action to secure a decree annulling a contract for the conveyance of its swamp lands and indemnity swamp lands, and its swamp-land scrip, to the American Emigrant Company; but the court dismissed plaintiff's petition, without prejudice to its right to sue said company for breach of the contract. (See *Am. Em. Co. v. Adams County*, 100 U. S. 61). *Held* that this was an adjudication that the contract was valid and binding, and that such adjudication was a bar to this action, by the same plaintiff, against a grantee of the said company, to divest the latter of his equitable title to land included in said contract.

3. **Statute of Limitations:** DOES NOT BAR EQUITABLE DEFENSE. A defendant, in an action to quiet title, may plead and rely upon his equitable title as a defense to the relief asked, even though, on account of the lapse of time, he could not plead such title as ground for affirmative relief.

4. ——: TITLE TO WILD LAND. Defendant's equitable title to the land in question, which was derived from plaintiff, arose more than ten years prior to the year 1883, but the land was during all that time wild and unoccupied. In that year, however, defendant took possession and made improvements, and soon thereafter this suit was begun to quiet title against him. *Held* that his right to have his equitable title quieted, upon a proper cross-petition for that purpose, was not barred by the statute of limitations.

*Appeal from Crawford District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MARCH 8, 1888.

ACTION at law to recover possession of certain real estate. The defendant denied the allegations of the petition, and pleaded an equitable defense, and made the answer a cross-petition, and asked that the title to the land be quieted in him, and that the plaintiff be estopped from claiming title. A prior adjudication was also pleaded. The defendant replied to the cross-petition. The cross-petition was dismissed, and the plaintiff adjudged to be the owner of the real estate, and entitled to the possession thereof. The defendant appeals.

*Barcroft & Bowen* and *J. J. Davis*, for appellant.

*F. M. Davis* and *Shaw & Kuehnle*, for appellee.

SEEVERS, C. J.—I. Counsel for the appellee insist that this cause cannot be tried *de novo*, for the reason that the evidence has not been properly certified. It is stated in an amended abstract filed by the appellant that the following certificate was attached to the short-hand notes at the term at which the cause was tried:

1. APPEAL: trial de novo: certification of evidence.

"In the District Court of Crawford County, Iowa.

October Term, 1886.

"Adams County *vs.* Abner Graves.

"State of Iowa, Crawford County, ss. I hereby

certify that the foregoing record contains all the evidence introduced and offered on the trial of the case of Adams county *vs.* Abner Graves, tried at October term, 1886, of the district court of Crawford county, Iowa (except the depositions and exhibits offered, to which correct reference is herein made), together with all objections made to the introduction of evidence, rulings of the court thereon, and exceptions of parties thereto; and the same is hereby signed by me, and certified, and ordered filed, and made a part of the record in this case.

"Signed this fourth day of November, 1886.

"C. F. LOOFBOUROW, Judge."

The foregoing is followed by a certificate of the reporter attached to the short-hand notes as extended by him, that such extension or translation is full, true and complete, together with the certificate of the judge above set out. Such translation and certificate were duly filed in the clerk's office within six months after the trial. The judge certified to the short-hand notes, and the reporter's certificate to the translation is a sufficient identification of the evidence introduced or offered on the trial (*Merrill v. Bowe,* 69 Iowa, 653), and therefore the parties are entitled to a trial anew in this court.

II. The plaintiff claims title to the land in controversy under the swamp-land grants made by congress to the several states, and the defendant under the American Emigrant Company, and he claims that, under a certain contract and conveyance made by the plaintiff with and to said company, and an adjudication made by the supreme court of the United States declaring the contract to be valid and binding, the plaintiff in equity is not entitled to recover in this action. It is not deemed necessary to state at length the congressional and state legislation, further than to state that thereunder the swamp lands in Adams county, and money and indemnity scrip granted in lieu thereof, were thereby vested in the plaintiff. In 1862, a contract was entered into between the plaintiff and said company in relation to said lands; and in 1863, in

*2. FORMER adjudication: swamp-land contract: validity: title under.*

pursuance of said contract, the plaintiff conveyed to said company all swamp lands in the county ; and said conveyance further provides that "any lands that shall be located under or by any scrip, so called, which may be obtained on said claim," the county will convey to the said company on reasonable request. The lands in controversy were located or entered with indemnity scrip obtained from the United States under the swamp-land grants. In 1864 the plaintiff commenced an action in the state courts, and the relief asked was the rescission of said agreement and conveyance. This cause was transferred to the circuit court of the United States, and in such court the plaintiff filed an amended and substituted petition, asking the same relief as above stated, on several grounds ; and in the reply to the cross-petition the plaintiff pleads and relies on substantially the same matters as defenses to the equitable defense pleaded by the defendant in this action. In the substituted petition in the circuit court of the United States the plaintiff alleged and stated that the plaintiff's board of supervisors had entered into said contract, and executed the conveyance, and that the said "acts on the part of said board of supervisors, if legal and valid, operated to divest the plaintiff of all claim and ownership, right and control of any of said lands or funds and claims, and obligated plaintiff to convey to defendants large sums of money and large quantities of land-scrip and land, as aforesaid." Issue was joined in said action, and the relief asked by the plaintiff was granted, but, on appeal to the supreme court of the United States, the judgment of the circuit court was reversed. *American Emigrant Co. v. County of Adams*, 100 U. S. 61. In accordance with the opinion and mandate of the supreme court, a final decree was entered in the circuit court dismissing "complainant's bill of complaint * * * at complainant's costs, without prejudice to the right of the county to bring an action at law for breach of the terms of the contract." Counsel for the appellant insist that this adjudication determines

that the contract and conveyance are valid, and there-
fore, although the legal title to the lands in controversy
is vested in the county, the latter in equity is not enti-
tled to recover, for the reason that the equitable title
to said lands is vested in the defendant; and this posi-
tion must, we think, be sustained. The dismissal of the
action undoubtedly amounts to an adjudication that the
contract and conveyance are valid obligations binding
on the parties. The final decree shows that such must
be the case, for it reserves to the plaintiff the right to
bring an action for damages under the contract. Instead
of doing this, the plaintiff in this action seeks to repu-
diate the contract and conveyance, and affirms their
invalidity. A decree dismissing a bill in chancery abso-
lute in terms, unless made on grounds not going to the
merits, is a bar to further litigation on the same subject
between the same parties; and this is true as to all ques-
tions involved which might have been raised. *Durant
v. Essex Company*, 7 Wall. 107; *Aurora City v. West*,
7 Wall. 82. It is useless to multiply authorities on this
question, for the well-settled rule is that a controversy
once decided by a competent tribunal cannot be reëxam-
ined by another court having concurrent jurisdiction,
in a suit between the same parties of their privies. The
contract and conveyance must therefore be regarded as
valid obligations, and therefore the plaintiff is not
entitled to recover, if the lands in controversy are
embraced therein, and as to this we have no doubt. In
substance, the emigrant company obtained all lands,
money and indemnity scrip to which the plaintiff was
entitled under the swamp-land grant. It will be
observed that the plaintiff so averred in the action in
the federal court.

But the plaintiff insists that the defendant is not
entitled to the affirmative relief asked by him, because
the same is barred by the statute of limita-
**3.** STATUTE of
limitations:
does not bar
equitable de-
fense.
tions. If this be conceded, the defendant
may still plead and rely on his equitable
title as a defense to the relief asked by the
plaintiff. *Warren v. Crew*, 22 Iowa, 315. We, however,

The Dist. Twp. of Sidney v. The Des Moines Ins. Co.

think that the defendant is entitled to the relief asked by him. As we understand, the land was wild and 4. ——: title to unoccupied until in April or May, 1883, wild land. when the defendant entered into possession, erected a house, and broke a portion of the land. It seems to us that such possession, and the equitable title, entitles the defendant to a decree confirming and quieting his title. REVERSED.