44  260
53  414

44  260
d54  334

44  260
58  100

44  260
f61  83

# CHARLESTON.

## CARBERRY *et al. v.* WEST VIRGINIA & P. R. CO.

Submitted September 15, 1897—Decided December 11, 1897.

1. CONFLICTING TITLES—*Jurisdiction of Court.*

    A court of equity will not exercise jurisdiction to settle title or boundary of lands between conflicting claimants, except where to do so is merely incidental to the exercise of its fixed jurisdiction on other grounds than adjudication upon such conflicting claims. (p. 262.)

2. PARTITION—*Parties—Stranger—Conflicting Titles.*

    Under section 1, chapter 79, Code 1891, in a suit in equity, for partition, between parties entitled thereto, a stranger to them, claiming the land under a right wholly denying the right under which partition is sought, and distinct therefrom and hostile thereto, cannot be made a party, and compelled to submit his title to a court of equity. (p. 262.)

3. CLOUD ON TITLE—*Equity Jurisdiction—Possession.*

    A court of equity, under its jurisdiction to remove a cloud over the title to land will not entertain a bill by a plaintiff who has only constructive, but not actual, possession. (p. 263.)

4. DECREE—*Equity Jurisdiction—Res adjudicata.*

    A decree, on full hearing, dismissing a bill generally, without reservation of right to the plaintiff to sue at law, is conclusive upon all the matters involved in the case, even though there was no jurisdiction in equity because of adequate remedy at law. Unless it otherwise appear from the decree, it will be taken that the dismissal was on a hearing of the merits. (p. 264.)

5. EQUITY JURISDICTION—*Bill Dismissed—Error.*

    Where a court of equity dismisses a bill merely because there is adequate remedy at law, and no jurisdiction in equity, it should so state, or insert a clause of "without prejudice to the plaintiff to sue at law," or equivalent provision. It is error not to do so. (p. 265.)

Appeal from Circuit Court, Kanawha County.

Bill by Eliza Carberry and others against the West Virginia & Pittsburg Railroad Company. From a refusal to modify a decree of dismissal, plaintiffs appeal.

*Modified and Affirmed.*

W. S. LAIDLEY and JOHN E. ROLLER, for appellants.
MOLLOHAN & McCLINTIC, for appellee.

BRANNON, JUDGE:

Eliza Carberry and others brought a bill in equity, alleging that Virginia, by two patents dated March 10, 1790, granted to Abner Cloud two tracts of land, of five thousand acres each, and that by various conveyances these lands vested in the plaintiffs, as co-tenants, and two infant defendants. The bill asked partition, but alleged that the plaintiffs found difficulties surrounding the title to the land, so that it became necessary to have the aid of a court of equity to remove the cloud upon the title; and, as specification of the cloud upon the title, the bill stated that by decree of the circuit court of Nicholas county in 1842, on the application of the commissioner of delinquent and forfeited lands, the two tracts were adjudged to be sold as forfeited for failure of their owners to enter the same on the land books for taxation, and under said decree they were sold, and that such right as was conferred by such sale had come to the West Virginia & Pittsburg Railroad Company, which was made a defendant. The bill assailed the title or right so vested in said railroad, as invalid, for reasons stated by it. Neither the plaintiffs nor the railroad company are alleged to be in actual possession, the land being in a state of nature, the plaintiffs averring only a constructive possession, flowing from their title. The railroad company demurred to the bill, and the circuit court of Kanawha county dismissed it outright. At the same term the plaintiffs asked the court to modify its decree by adding to it that nothing contained in the order of dismissal should affect or prejudice the right of any of the parties to institute any action at law to recover the land; and, the railroad company opposing the modification, the

court refused the modification, and the plaintiffs appeal.

The demurrer raises the question whether the railroad company is a proper party, and whether it can be compelled to remain a party, and have its right decided in a court of equity. The bill, in all its statements, represents the right of the railroad company as hostile and adverse to that of the plaintiffs, and asks that it be dispelled and held for naught. Though the claims of the parties proceed, derivatively, from the same source,—the grants from Virginia,—yet they are utterly adverse to each other; the plaintiffs claiming the original right, as unaffected by the sale of the land as forfeited, while the railroad company claims under a proceeding adverse to the plaintiffs' title, selling it as forfeited and lost to them, and vested for their default in the State. There is no ligament of community of interest between them. The plaintiffs' counsel argues that the bill makes, not the case of a substantial adverse title, but it represents the claim of the company as so thin as to be a pretended title. But it has body enough to suggest to the plaintiffs the necessity of bringing it before the court to have it dispelled as a cloud, and it must therefore have an entity sufficient to call it an adverse title. If a nonentity, why bring it in? And, besides, the allegation that it originated under a sale of a court as forfeited lands tells us that it is a title of sufficient substance to warrant us in treating it as a conflicting title. The proceeding to sell the land was a judicial proceeding, not between parties, but *ex parte* and judicial,—not a mere nullity. *Coal Co.* v *Howell,* 36 W. Va., 489, (15 S. E. 214); *Hays* v. *Heatherly,* 36 W. Va., 623, (15 S. E. 223); *Smith* v. *Chapman,* 10 Grat. 445. It is needless to expand here upon the proposition that equity will not entertain a bill which is but an action of ejectment, and thus try adverse title, unless it be incidental to relief under a known head of equity jurisdiction. It is, however, claimed that the court has jurisdiction for partition, and, as incident to its exercise, will settle all questions affecting the legal title, under section 1, chapter 79, Code 1891, and so try titles entirely adverse. If so, the adverse claimant, having no community of interest with the other party, and being in no view a co-tenant, but standing out

on his own independent right, denying all right in his adversary, and that adversary confessedly having no right ·to a mere share in the other's ownership, but to all, if to anything, is deprived of his right to a jury trial under that clause of the Constitution saying that no one shall be deprived of his property without judgment of his peers. Next to a trial for life or liberty, the jury right is most essential and sacred in a legal proceeding to take away a man's freehold,—his very home and castle,—as of inferior title.    The statute never was intended to subject a stranger—an enemy to the right under which partition is sought—to a loss of this jury trial.    Where there is conflicting claim to share in the land under the same right under which partition is sought, and the determination of the conflict is merely incidental to the partition, the statute applies, and gives the court power to decide such conflict.    That is not a case of claims utterly hostile, each demanding, not a share, but the whole; one alone entitled to the whole.    That is not partition.    Such is this case.    I ask, as Judge Tucker asked in *Lange* v. *Jones*, 5 Leigh, 195, what equity have plaintiffs against the railroad? There is no common seisin between them. I will not dwell further upon the construction of this statute, as I gave my construction of it in *Davis* v. *Settle*, 43 W. Va., 17, (26 S. E. 557, 561).    See *Pillow* v. *Improvement Co.*, 92 Va., 144, (23 S. E. 32).

The railroad company was not a proper party to the suit, and its demurrer was well founded.    This is not a suit to set aside a tax title under a mere ministerial sale by a sheriff, as in *Taylor* v. *Stringer*, 1 Grat. 158, and *Simpson* v. *Edmiston*, 23 W. Va., 675, but to nullify and dispel a title conferred by a solemn decree of a court.    Counsel for plaintiffs would say that, if that statute does not sustain their suit, then the known jurisdiction exercised by courts of equity to remove clouds from title to lands will do so. Neither party is in possession actual.    Mere constructive possession will not call for this exercise of equity jurisdiction.    In *Moore* v. *McNutt*, 41 W. Va., 695, (24 S. E. 682), we held that "equity will exercise jurisdiction to remove cloud upon title to real estate where complainant, though having legal title, is in actual possession.    It will

not exercise such jurisdiction where complainant has legal title, and is not in actual possession, no matter whether his adversary is in or out of actual possession." Under this subject, I cite *Clayton* v. *Barr,* 34 W. Va., 290, (12 S. E. 704); *Christian* v. *Vance,* 41 W. Va., 754, (24 S. E. 596), and the authorities given by me in the discussion of this subject in *Davis* v. *Settle, supra;* also *Iron Co.* v. *Kelly,* 93 Va., 332, (24 S. E. 1020). So there is no jurisdiction for this case in equity, as against the railroad company. The plaintiffs have adequate remedy in ejectment. But I think the court erred in dismissing the bill wholly, instead of dismissing as to the railroad company, as the parties in interest had a right to partition among themselves under their claim.

The appellants complain of the refusal of the circuit court to modify the decree as above stated. This raises a question long perplexing me. If a court on full hearing dismisses a bill for the reason that in its opinion there is no jurisdiction in equity, because of adequate remedy at law, but reserves no right to sue at law, by inserting a clause of "without prejudice," will the the decree bar an action at law to assert the same right? It is a rule that there is not *res judicata* where the court has no jurisdiction. The authorities are divided. Take the case where it is patent that there is no jurisdiction in equity, as a bill in chancery upon a note or bond, instead of debt; it would seem that the dismissal ought to be no bar. But, on the other hand, take a case where it is not so patent that there is no jurisdiction; where it is a nice question, and commingled with other considerations, so that one judge would decide the question in one way, and another the other way; it would seem that a general dismissal would be a bar, as it would be unreasonable to let the next judge decide on just what reason actuated the former judge in dismissing the bill. Perhaps, even in the patent case of no jurisdiction, as well as in the one not so patent, the defendant did not insist on no jurisdiction, or the judge did not act on that reason for dismissal, but decided the merits. In such case the former decision ought to settle the matter, because there has been one consideration and decision on the whole breadth and merits of the

case. I conclude that this short statement from Story, Eq. Pl. § 793, applies where the want of jurisdiction is not given in the decree as ground of dismissal: "A decree or order dismissing a former bill for the same matter may be pleaded in bar to the new bill, if the dismission was upon the hearing, and was not, in terms, directed to be without prejudice." And *Taylor* v. *Yarbrough*, 13 Grat. 183, just coming to my notice, holds the same: "A bill in equity having been dismissed generally, without a reservation of any right of the plaintiff to sue thereafter, is conclusive upon all the issues made up in the cause." And our case of *Van Dorn* v. *Lewis County Court*, 38 W. Va., 267, (18 S. E. 579), holds the same, in effect, in reversing a decree because, while reserving the right to sue for one, it omitted to do so as to another, party. I referred to this subject in *State* v. *Baltimore & O. R. Co.*, 41 W. Va., 81, (23 S. E. 677). The authorities, in the generality of their statement, would cover the case of dismissal for want of jurisdiction because of legal remedy, but do not pointedly do so. I think the above position, while not absolutely clear, is the true rule. Where there are no such words as "without prejudice," or the decree does not show the reason of dismissal, or that it was not heard on the merits, it is found that it was heard on the merits. *Durant* v. *Essex Co.*, 7 Wall. 107 ; *Foote* v. *Gibbs*, 1 Gray, 412; 2 Daniell, Ch. Prac. 753; 2 Black, Judgm. § 720. If a decree will have such final effect, and the case is really not heard on its merits, but dismissed for want of jurisdiction, or other cause not going to the merits, it is error not to insert a restraining clause. *Durant* v. *Essex Co.*, 7 Wall. 107; 1 Freem. Judgm. § 270a ; 2 Black, Judgm. § 720. The presence of the clause puts it beyond cavil or construction. The demurrer in this case points out the want of jurisdiction in equity, and we, seeing that there is no jurisdiction, and that the circuit court ought to have so decided, and likely did, hold that it erred in refusing to amend the decree as requested,—to do what it should have at first done. Where the court refuses to pass on the merits for want of jurisdiction, good practice calls on the court to so state, or insert such reservation. 1 Freem. Judgm. § 270 ; 2 Black. Judgm. § 720. It is true, the demurrer assigned laches as

ground of demurrer; and the railroad company, in opposing the amendment, no doubt sought to have the decree operate as a bar against another suit as a finality on the merits, under the defense of laches; but it could not use both defenses, which were inconsistent,—one pleading no jurisdiction in the court to decide anything but want of jurisdiction, the other on a matter barring the suit. It challenged the jurisdiction *in limine*, and, as we see there is no jurisdiction, the court ought to have overruled the objection to correct the decree. Some authorities hold, and it may be, that the law would allow oral evidence in a suit at law to prove that the dismissal was in fact for want of jurisdiction; but the suitor is entitled to have a record memorial of the fact, and not be compelled to run the risk of finding, or of losing from death and other causes, oral evidence to secure his rights. We do not pass on the subject of laches or title as a defense, for want of jurisdiction in equity. Therefore we will amend the decree so as to dismiss the bill only as to the railroad company, and by adding a clause of "without prejudice," proposed in the court below, and will affirm the decree so modified.

*Affirmed.*