THE MONTCLAIR MILITARY ACADEMY, PROSECUTOR, v. THE STATE BOARD OF ASSESSORS AND WILLIAM S. HANCOCK, COMPTROLLER, &c.

Submitted July 5, 1900—Decided November 12, 1900.

1. A purely educational association is not subject to assessment under "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884, and its supplements (*Gen. Stat., p.* 3335 *et seq.*), although formed under the General Corporation act, with capital stock and conducted for the private benefit of the stockholders.
2. *Quære.* Was it in 1895 lawful to organize such an association under the General Corporation act, there being then other general statutes providing for incorporation of societies for the promotion of learning?

On *certiorari.*

Before Justices DIXON, GARRISON and COLLINS.

For the prosecutor, *Coult & Howell.*

For the defendant, *Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

COLLINS, J. "An act to provide for the imposition of state taxes upon certain corporations and for the collection

thereof," approved April 18th, 1884, and its supplements (*Gen. Stat., p.* 3335 *et seq.*), direct that all corporations incorporated under the laws of this state and not therein before provided for "shall pay an annual license fee or franchise tax of one-tenth of one per centum on all amounts of capital stock issued and outstanding up to and including the sum of three million dollars; * * * *provided,* that this act shall not apply to * * * purely charitable or educational associations."

The state board of assessors has essayed to make this imposition for the year 1900 upon the prosecutor, and its action is brought under review by the present *certiorari.*

The prosecutor was organized under the General Corporation act of 1875 and its supplements. *Gen. Stat., p.* 904 *et seq.* Its certificate was filed in December, 1895, and stated that its corporate existence would begin January 1st, 1896. with a capital stock of $75,000. Its objects were declared to be "the education and training of boys so far as the same relates to preparatory academic, military, physical or industrial instruction; to buy land and to erect thereon buildings and appliances for the purposes of such education and training, and generally do all things which may be necessary or expedient for carrying out the purposes and objects of an academic and military institution of learning."

It is, therefore, a purely educational association, and falls directly within the proviso of the act under color of which the imposition has been made. The learned attorney-general asks us to read into this proviso a limitation that it shall not extend to associations conducted for the private benefit of stockholders, but we are referred to no authority and can find none for such judicial legislation. The proviso excepts charitable *or* educational associations. No fair interpretation can limit it to such associations as are purely charitable. It has already been settled that the general exemption from taxation of school-houses given by the General Tax act (*Rev., p.* 1152) is not destroyed by the fact that the school may be conducted for private gain. *Englewood School* v. *Chamber-*

*lain,* 26 *Vroom* 292. We must give like effect to the plain language of the statute *sub judice.*

It may be doubtful whether the prosecutor could lawfully be organized under the General Corporation act, inasmuch as at the time its organization was attempted there were other general statutes providing for the incorporation of societies for the promotion of learning—some of them authorizing capital stock. *Gen. Stat., p.* 1924 *et seq.* The legislature has since undertaken to repeal those statutes, but under a title that, as to some of them, may be inefficacious. *Pamph. L.* 1899, *p.* 189. In 1895 they were in full force, and it is arguable that the methods thereby prescribed of obtaining corporate existence were exclusive of others resting in the omnibus clause of the General Corporation act authorizing incorporation for "any lawful business or purpose whatever." *Domestic Telegraph Co.* v. *Newark,* 20 *Vroom* 344. A tax was laid against the prosecutor's property by the town of Montclair, in 1896, on the theory that incorporation was necessary to exemption, and that the prosecutor's incorporation was ineffective for the reason suggested, and such tax was set aside upon *certiorari. Montclair Military Academy* v. *Bowden, Collector,* 35 *Id.* 214. This court held incorporation unnecessary, and did not decide the other question, and we do not now decide it. We only refer to the subject lest otherwise we might be supposed tacitly to assume the validity of the prosecutor's incorporation. It is not intended to express any opinion in that regard.

The assessment against the prosecutor will be set aside.