# CHARLESTON.

## BUSKIRK *v.* CHAFIN.

### Decided December 21, 1900.

RES-JUDICATA—*Dismissal of Bill—Reservation.*

> A decree dismissing the bill generally, without any reservation to the plaintiff to sue thereafter, is conclusive between the parties and it is error to dismiss an injunction bill on motion for failure to prosecute alone, without adding without prejudice to such other suit as the plaintiff may see proper to institute. (p. 631).

Appeal from Circuit Court, Logan County.

Bill by U. B. Buskirk against F. M. Chafin and others. From an order dismissing the bill, plaintiff appeals.

*Amended.*

J. B. Wilkinson, for appellant.

Sheppard & Goodykoontz, for appellees.

English, Judge:

U. B. Buskirk obtained an injunction from the judge of the circuit court of Logan County to restrain F. M. Chafin, Moses Mounts, and C. H. Gore, sheriff, from proceeding to collect a certain execution or the judgment upon which the same issued; which judgment was described in the bill presented to said judge.

On the 26th of January, 1898, Moses Mounts gave notice to dissolve said injunction in chambers at the town of Williamson, Mingo County, which notice was supported by the affidavit of counsel that the bill in said cause had been lost or misplaced, and that he had given notice to counsel for plaintiff that he was willing he should supply the bill, but the bill had not been substituted or found.

On the 10th of February, 1898, the motion to dissolve was heard in vacation; the injunction was dissolved and the bill dismissed, although the plaintiff asked until the next term of the circuit court of Logan County to supply the bill. The plaintiff obtained this appeal, assigning as error that there was no evidence or pleadings before the court to authorize the decree.

While it was not error in the case presented by the record to dissolve the injunction awarded, it was error to dismiss the cause without adding "without prejudice to such other suit as the plaintiff might see proper to institute." See *Watson* v. *Watson,* 45 W. Va. 290, where it is held that, "A bill in equity dismissed generally without any reservation to the plaintiff to sue thereafter is conclusive between the parties, and those claiming under them of all the issues made up in the cause, even though there was no jurisdiction in equity because of adequate remedy at law."

See also *Carberry et al.* v. *W. Va. & P. R. R. Co.,* 44 W. Va. 260, point 5 of syllabus.

The decree complained of is therefore amended by adding the words above indicated and is affirmed with costs to the appellant.

*Amended.*