IN THE MATTER OF THE APPEAL OF J. B. DILLE FROM THE ACTION OF THE CITY COUNCIL SITTING AS A BOARD OF REVIEW.

Schools; EXEMPTION FROM TAXATION. Property devoted by the
1　owner to a private school, with a view to individual pecuniary profits, is not exempt from taxation under Code, section 1304.

Res judicata　A judgment exempting school property owned by a
2　corporation organized under the general incorporation laws from the payment of taxes, is not *res judicata* on the question of taxation for subsequent years when owned by a grantee using it for school purposes, but with a view to pecuniary profit.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

TUESDAY, FEBRUARY 10, 1903.

THIS is an appeal from a decision of the district court holding that certain property belonging to plaintiff and devoted to educational purposes was subject to assessment and taxation.—*Affirmed.*

*Clark & McLaughlin* for appellant.

*W. H. Bremner, M. H. Cohen* and *Raymond B. Alberson* for appellee.

DEEMER, J.—There is little or no dispute in the facts. Appellant, Dille, is the owner of five lots in the city of Des Moines, on which is located what is known as "Highland Park College." He is also the owner of the equipment of the college, consisting of certain personal property used by the aforesaid school. The city assessor listed the real estate and personal property for taxation for the years 1899 and 1900, assessing the real estate at $100,600 and the personal property at $20,000. Appellant appeared before the city council, acting as a board of review, and claimed that the property was exempt from taxation. He also asked that, if held not exempt, the valuation be reduced. The city council refused to take any action, and he appealed to the district court. Upon a hearing in that court it was found that the property was not exempt, but the assessable value of the real estate was reduced to $65,000 and of the personal property to $6,000. The appeal is from the ruling finding the property not exempt.

The property was at one time owned by the Oak & Highland Park Improvement Company, a corporation organized under the laws of this state "to equip, endow own, and dispose of a college in Highland Park, erect buildings and other improvements, and to own and deal in real and personal property and choses in action." While owned by that corporation the property was devoted to educational purposes under the name of the "Highland Park College." In order to erect and equip the buildings, the corporation was compelled to borrow money and to execute a mortgage on the property. Failing to meet its obligation, the mortgage was foreclosed, and a sheriff's deed was executed to one Chas. N. Voss. Voss conveyed

the property to J. K. and W. H. Gilcrest, and they in turn conveyed by warranty deed to plaintiff, Dille.  Dille took his deed to the property August 24, 1896, and recorded it the same day.   Since receiving his deed Dille has used the property for school purposes, and has maintained and conducted a literary and scientific institution thereon, which has retained its original name of "Highland Park College"; but he has so owned and used it with a view to procuring profit.   On June 2, 1896, and while the original corporation was still the owner of the property, that corporation brought action in the district court of Polk county against the city council, acting as a board of equalization, for the purpose of having the real estate and personal property then owned by it declared exempt from taxation, and after a full hearing a decree was entered holding that the property was exempt.   There has been no material change in the character of the use of the property since that decree was entered, and, as it has never been appealed from.  Dille insists that the decree is *res adjudicata* of the question now presented and determinative of the issues in this case.

The appeal presents two questions: First, is the property because of its use exempt from taxation? and, second, is the decree to which we have referred binding on the

1. SCHOOLS: exemption from taxation: parties to this appeal?   Determination of the first question involves the construction of section 1304 of the Code, the material part of which is as follows: "The following classes of property are not to be taxed:   All grounds and buildings used for public libraries, * *. * and for literary and scientific institutions and societies, devoted solely to the appropriate objects of these institutions, * * * and not leased or otherwise used with a view to pecuniary profit; the books, papers and apparatus belonging to the above institutions, used solely for those purposes above contemplated,

and the like property of students in any such institution used for their education; moneys and credits belonging exclusively to such institutions and devoted solely to sustaining them, but not exceeding the amount prescribed by their charters for articles of incorporations."

There is no doubt that the grounds and buildings were used by and for a literary and scientific institution, and devoted solely to the appropriate objects thereof.    Nor is there any question but that the personal property was used solely for these purposes.    But it is contended that, as Dille held and used the property with a view to pecuniary profit to himself, it is not exempt.    This brings us down to the exact point for decision, and that is, what effect shall be given this language of the statute, "and not leased or otherwise used with a view to pecuniary profit?"    The property was not leased, but is held and used by the owner thereof.    He does use it, however, as a literary and a scientific institution, hoping to make some profit from this use.    Is this the profit referred to in the statute?    The question is not free from doubt; but in view of the rule that exemption statutes such as the one now under consideration are to be strictly construed, and that the burden is on him who claims the exemption to show by clear and satisfactory evidence that the property is within its scope, we are constrained to hold that, when such an institution is used and maintained with a view to pecuniary profit, it is not exempt.

The statute says that when buildings and grounds are used for and devoted solely to the appropriate objects of literary and scientific institutions, and are not leased or otherwise used with a view to pecuniary profit, they shall be exempt from taxation.    The property involved in this case was used by the Highland Park College, but was not owned by that institution, except as Dille may be said to be the College.    In this respect the case is much like *Laurent v. City of Muscatine*, 59 Iowa, 404, wherein it is

said, among other things: "If the title to this property were in the church or in the school as a corporation, or possibly if it were shown that the plaintiff merely held the naked legal title in trust for the school or church, the case would be within the rule adopted in the case of *Trustees of Griswold College v. State*, 46 Iowa, 275. But in this case the lots are not the property of the church .or the school. It does not appear that either the church or school has any equity in the lots by reason of having expended money in their improvement or otherwise. It is true that the church and school have used the premises, but this alone is insufficient. By the agreed statement of facts the lots are the private property of the plaintiff. In our opinion, use and ownership, either legal or equitable, should combine, in order to effect the exemption." The rule of that case. is supported by authorities from the other states. See *People v. Anderson*, 117 Ill. 50 (7 N. E. Rep. 625); *State v. Bell*, (Minn.) 45 N. W. Rep. 615; *Washburn College v. Shawnee County Com'rs*, 8 Kan. 349. In construing a statute very similar to the one now under consideration, the supreme court of Illinois held, in *Montgomery v. Wyman*, 130 Ill. 17 (22 N. E. Rep. 845), that the exemption did not apply to property used as a private academy, when such property was owned by the proprietors of the academy and the institution was conducted for their profit." See, also, *City of Henderson v. McCullagh*, 89 Ky. 448 (12 S. W. Rep. 932); *People v. Ryan*, 138 Ill. 263 (27 N. E. Rep. 1095); *Mundy v. Van Hoose*, 104 Ga. 292 (30 S. E. Rep. 783).

The exemption statute aims at the encouragement of institutions of learning, but this is all subject to the thought that the property shall be dedicated solely to these purposes, and not leased or otherwise used with a view to profit. It is not contemplated that property owned by an individual in his own right, and used for gain and profit, or owned by a corporation formed with a view to

dividends to stockholders, shall be free from the burdens of taxation. Hence, if the property is not owned by the institution, but is held by another for private gain, it is not exempt. Neither is it exempt, if it is owned by the institution, but is leased to another, or is otherwise used for profit. The statute manifestly has reference to such grounds and buildings as the owner would be bound to pay taxes on, but for the exemption; that is to say, he cannot claim exemption if he has leased it for school purposes, nor can he assert his claim if the use he makes of it, even if it be for school purposes, is ultimately with a view to his own enrichment. If it had been the intention of the legislature to exempt all property exclusively used for educational purposes, it would have been very easy to have said so; and as the lawmaking body did not do so, but added the qualification that the property must not be leased or otherwise used by the owner with a view to pecuniary profit, we think it necessarily follows that the property in this case is not exempt. The only case which seems to hold to the contrary, which we have been able to find, is *Ramsey Co. v. Stryker*, 52 Minn. 144 (53 N. W. Rep. 1133). But there the court, in construing the statute in the light of certain constitutional provisions and of the history of the legislative enactment, felt constrained to hold that it was the use of the property, and not the purpose of the owner, which controlled. Had the property in question been leased by Dille for school purposes, we apprehend no one would claim that it was exempt from taxation by reason of its use. The statute also says that it is not exempt, if otherwise used with a view to pecuniary profit. Instead of leasing the property, he is using it with a view to pecuniary profit; and, if he is the school, as heretofore suggested, he is using the institution with a profit in view.

II. Next we are to determine the effect of the decree in the case of *Oak & Highland Park Improve-*

*ment Co. v. Board of Equalization* setting aside and canceling the assessment against the property for the

2. RES AD-  years 1895 and 1896. In order to avail him-
JUDICATA.  self of the plea of former adjudication, applicant herein must show that the former suit was for the same cause of action between the same parties or their privies, that the former judgment was on the merits of the case and was rendered by a court having jurisdiction. That the district court of Polk county had jurisdiction, and that the decree rendered by it was on the merits as to the taxes for the years 1895 and 1896, is clearly shown; and it also sufficiently appears that as to the taxes for these years applicant is in privity with the Oak & Highland Park Company. It may also be conceded that the decree was an adjudication as to the taxes for all subsequent years, so long as the Oak & Highland Park Company owned the property. But it remains to be determined whether the issues are the same in this case as in the former action. The petition in this case alleges that the property, when owned by the Oak & Highland Park Company, was not used with a view to pecuniary profit. True, the same allegation is made in this case; but we find that it was so used. In the former case the district court found that it was not so used. Moreover, it is admitted in the agreed statement of facts that Dille used the property for pecuniary profit. The only evidence, aside from the allegations of the petition, as to the use made of the property by the Oak & Highland Park Improvement Company is found in certain excerpts from its articles of incorporation, which show that it was organized under the general incorporation laws of the state relating to corporations for pecuniary profits, and that the nature of its business was "to equip, endow, own, and dispose of a college in Highland Park, erect buildings and other improvements, and to own and deal in real and personal property and choses in action." There is nothing here to show that the college

was owned and used with a view to pecuniary profit. Indeed, the petition filed herein distinctly negatives that thought by alleging specifically that it was not so used when owned by the improvement company. The mere fact that the corporation was organized under the general incorporation laws of the state, and not under the chapter relating to corporations not for pecuniary profit, is not regarded as controlling; for this does not of itself show that the buildings and grounds of the college were used with a view to pecuniary profit. *Montclair Military Academy v. State Board of Assessors*, 64 N. J. Sup. 214 (47 Atl. Rep. 558). The corporation may not have held the college with a view to direct profit. Indeed, that was held in the case brought by it in the district court of Polk county. That was not and could not be a finding that Dille, the applicant herein, did not so own and use the property in the years 1899 and 1900. For these reasons the decree did not constitute an adjudication binding on the board of equalization in the case now before us. Applicant was not justified in relying on the judgment and decree rendered by the district court of Polk county in purchasing the property. That decree was by an inferior court, and, unless it constituted an adjudication of the exact question now in issue, it does not constitute an estoppel. *Wade v. Travis Co.*, 174 U. S. 509 (19 Sup. Ct. Rep. 715, 43 L. Ed. 1060); *Board of Directors of Chicago Theological Seminary v. People*, 189 Ill. 439 (59 N. E. Rep. 977.

The decree in this case, holding the property not exempt, seems to be correct; and, as no complaint is made of the amount of the assessment, the conclusion follows that it is AFFIRMED.