IVA M. MAHAFFA, Appellee, v. HARLEY EVERETT MAHAFFA, Appellant.*

No. 45555.

June 17, 1941.

Herrick, Sloan & Langdon, for appellant.

Robert H. Bush, for appellee.

MILLER, J.—The facts presented by the record herein are not disputed and the question to be decided is clearly presented as a question of law.

Both parties concede that in 1938 the plaintiff commenced

an action against the defendant for a divorce; trial was had and on June 27, 1938, the matter was fully submitted to the court and taken under advisement; thereafter, on April 26, 1940, the court entered the following order:

"This cause having been tried heretofore, and at the request of both parties has been continued with the request to the trial judge that no decision be made, and so much time having elapsed since the trial of the cause that the facts in the case and most of the details are forgotten, and that it is impossible to make a finding on the record as it was made that will do justice to both parties.

"It is now ordered that this cause be dismissed at plaintiff's costs."

On May 24, 1940, the plaintiff filed a second petition for divorce against the defendant, asserting the same grounds therefor, to wit: cruel and inhuman treatment, without stating the specific acts of cruelty. Defendant filed a motion for more specific statement, asking that the plaintiff be required to specifically state the acts of cruel and inhuman treatment relied upon and the dates such acts were committed. The motion for more specific statement was sustained and on August 29, 1940, the plaintiff, in conformity to the order of court, filed an amendment to the petition asserting the specific acts of cruelty and the dates the same were committed. Most of the acts of cruelty relied upon are asserted to have been committed prior to the trial of the first case and those not definite as to time appear to have been committed prior to that trial. Accordingly, the defendant filed a motion to strike such allegations, asserting that the order of April 26, 1940, "adjudicated and determined that plaintiff had no cause of action at said time and all of said matters are now not admissible in this action and may not be relied upon by the plaintiff herein." On September 26, 1940, the motion to strike was overruled and defendant appeals from the ruling, asserting that the allegations of plaintiff's amendment to the petition, relating to matters occurring before the prior trial, should have been stricken because "the dismissal of plaintiff's prior action after trial constituted a decision upon the merits of the case and

bars subsequent reliance on alleged acts of cruel and inhuman treatment which occurred before the prior trial.'' We find no merit in appellant's contention.

 Appellant relies upon the language contained in sections 11562 and 11563 of the Code, 1939. Section 11562 provides: ''An action may be dismissed, and such dismissal shall be without prejudice to a future action: 1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court. 2. By the court, when the plaintiff fails to appear when the case is called for trial. 3. By the court, for want of necessary parties, when not made according to the requirements of the court. 4. By the court, on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence. 5. By the court, for disobedience by the party of an order concerning the pleadings or any proceeding in the action.'' Section 11563 provides, ''In all other cases upon the trial of the action the decision must be upon the merits.''

Appellant contends that, since there is no statute authorizing a court, after a case has been finally submitted, to set aside the submission on its own motion and dismiss the case without deciding it on the merits, the language of the order of April 26, 1940, which clearly demonstrates that that is exactly what the court did, must be disregarded. He further contends that since section 11563 is the only statute that appears to be applicable, it must be considered controlling. Hence, appellant contends that, since ''the decision must be upon the merits'' under that statute, we can only say that it was upon the merits. We cannot agree with this contention.

Appellant relies upon our decision in the case of Forsythe v. McMurty, 59 Iowa 162, 163, 13 N. W. 76, 77. In that case there was a trial, the cause was taken under advisement and afterward a decree was entered as follows, '' 'The court finds that plaintiff has failed to prove title in said cause and dismisses said cause, without prejudice, at plaintiff's costs.' '' The defendant appealed from such order of dismissal to this court. In reversing the case, we state:

"It is clear the ruling of the court cannot be sustained under the statute, for the reason the statute does not contemplate that the court, on its own motion, can dismiss a cause without prejudice, after it has been finally submitted. When evidence has been introduced and the cause is submitted to the court, the decision must be on the merits. A decision on the merits is a final disposition of the cause and constitutes a bar to another action. * * *

"We have examined the evidence and find the court found correctly, that the plaintiff failed to establish any title to the premises in controversy, and therefore the defendants were entitled to a decision on the merits. The court erred in dismissing the action without prejudice."

Appellant contends that, pursuant to the foregoing decision, we must hold that the order of dismissal, entered April 26, 1940, constituted a decision on the merits and adjudicated that plaintiff had no cause of action against the defendant. The decision does not require us to so decide. It is true that the case clearly establishes that if, as there, either party had appealed from the order of dismissal herein, the order should have been reversed and the case decided on its merits. Such a decision is also forecast by our decisions in the cases of Carney Bros. v. Reed, 117 Iowa 508, 91 N. W. 759, and McArthur v. Schultz, 78 Iowa 364, 43 N. W. 223. But granting that, when the court, after the cause had been finally submitted, set aside the submission on its own motion and dismissed the case without deciding it on the merits, the court was in error, that does not require us to interpret the order of dismissal as an adjudication of the merits of the case, when the order shows on its face that it did not undertake to decide the merits.

Certain well established principles applicable to judgments are concisely stated in 31 Am. Jur. 66, to wit:

"There are many rights belonging to litigants—rights which a court may not properly deny, and yet if denied, they do not render the judgment void. Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make

the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper cir-cumstances, voidable, but until avoided is regarded as valid.''

The court had jurisdiction of the parties and the subject matter in the first divorce case. Having such jurisdiction, its decision, if erroneous, was nevertheless binding until corrected by direct proceedings to accomplish such correction. In the case of Reinsurance Life Co. v. Houser, 208 Iowa 1226, 1228, 227 N. W. 116, 117, this court states, ''If the court has authority to determine the cause at all, it has authority to determine it wrongfully, as well as rightfully, and the decision, if wrongful, may be corrected only by direct proceedings to that end. Read v. Howe, 39 Iowa 553, 559; Stanley v. Noble, 59 Iowa 666; Sigmond v. Bebber, 104 Iowa 431, 15 Corpus Juris 729, 745, et seq.'' Granting that the disposition of the first divorce case was erroneous, we cannot correct it except in direct proceedings to that end. These are no such proceedings. Accordingly, the order of April 26, 1940, must be given effect by us according to its terms and not otherwise.

Appellant relies upon the case of McCarthy Co. v. Dubuque Dist. Ct., 201 Iowa 912, 208 N. W. 505. That was an original proceeding in certiorari asserting that an order of dismissal was illegal because made without a final hearing on the merits. We held that the court evidently treated the trial as upon the merits, and refused to interfere. Subsequently, the matter was presented to this court on appeal from the order of dismissal. McCarthy Co. v. Central Lbr. & Coal Co., 204 Iowa 207, 215 N. W. 250, 54 A. L. R. 1116. On such appeal, we held that the court was in error in treating the case as a trial upon the merits, reversed the order of dismissal and remanded the case for trial upon the merits. We find nothing in either case which would appear to be controlling here.

Appellant also relies upon the case of Adams County v. Graves, 75 Iowa 642, 36 N. W. 889, and Black v. Miller, 158 Iowa 293, 138 N. W. 535. In both of those cases, we held that the

former adjudication relied upon showed upon its face that it determined the merits of the exact issue which the plaintiff sought to relitigate and was controlling as to such issue. It is important to note that, in the Adams County case, we state (75 Iowa 642, at page 646, 36 N. W. 889, at page 891) as follows:

"A decree dismissing a bill in chancery absolute in terms, *unless made on grounds not going to the merits,* is a bar to further litigation on the same subject between the same parties; and this is true as to all questions involved which might have been raised. Durant v. Essex Company, 7 Wall. 107; Aurora City v. West, 7 Wall. 82." (Italics supplied.)

And in the case of Black v. Miller, we state (158 Iowa 293, at page 298, 138 N. W. 535, at page 537) as follows:

"Where there is a hearing, and no such words as 'without prejudice' appear in the decree, and no reason for dismissal is stated therein, and *a decision on the merits is in no wise negatived,* the issues raised are presumed to have been heard and decided on the merits. Durant v. Essex Co., 7 Wall. 107,. (19 L. Ed. 154); Carberry v. Railway, 44 W. Va. 260, (28 S. E. 694); 2 Black on Judgments, section 720." (Italics supplied.)

It will be noted that, in each case, we specify that the former adjudication was upon the merits and that this was not negatived in such decision. That is not our case here.

The doctrine of res judicata is concisely stated in 30 Am. Jur. 908, as follows:

"Briefly stated, the doctrine of res judicata is that an existing final judgment *rendered upon the merits,* without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." (Italics supplied.) Again, at page 914, it is stated, "A final judgment rendered by a court of competent jurisdiction, *on the merits,* is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action." (Italics supplied.) And at

page 944, it is stated, "In stating the doctrine of res judicata, the courts usually refer to the fact that the judgment sought to be used as a basis of the doctrine was rendered *upon the merits*, since it is a general rule that a judgment rendered on any grounds *which do not involve the merits* of the action may not be used as a basis for the operation of the doctrine of res judicata." (Italics supplied.)

The principles above stated are recognized and applied by us in the case of Tutt v. Smith, 201 Iowa 107, 115, 204 N. W. 294, 298, 48 A. L. R. 394, 400, wherein we state:

"It is well settled that a former judgment will not operate as a bar 'unless the proceedings leading up to such judgment "involved or afforded full legal opportunity for an investigation and determination of the merits of the suit." ' McCullough v. Connelly, 137 Iowa 682, and authorities there cited. Aside from the fact that it is perfectly apparent that the proceedings in the former suit expressly denied to appellant an opportunity for any investigation of her claim, the decree in the former suit did not purport to adjudicate any matter set up in the petition of intervention. As said in the McCullough case, supra, of an intervener who, it was claimed, was bound by a judgment against the defendant, intervener's grantor:

" 'Nothing short of a decree in which the merits of her petition were considered and concluded could bind her. Until the entry of such decree, it was her right to abandon her claim and withdraw from the action; and, should she elect to do this, any decree entered in favor of plaintiff against defendant would not be conclusive on her.' "

In the case of In re Dille, 119 Iowa 575, 581, 582, 93 N. W. 571, 573, 574, we state:

"In order to avail himself of the plea of former adjudication, applicant herein must show that the former suit was for the same cause of action between the same parties or their privies, that the former judgment was on the merits of the case and was rendered by a court having jurisdiction. * * * Applicant was not justified in relying on the judgment and decree rendered by the district court of Polk county in purchasing the property.

That decree was by an inferior court, and, unless it constituted an adjudication of the exact question now in issue, it does not constitute an estoppel. Wade v. Travis Co., 174 U. S. 509 (19 Sup. Ct. Rep. 715, 43 L. Ed. 1060); Board of Directors of Chicago Theological Seminary v. People, 189 Ill. 439 (59 N. E. Rep. 977).''

In the order of April 26, 1940, a decision on the merits is negatived by the terms of the order of dismissal. The case was dismissed without deciding the merits of the case. Granting that such disposition was erroneous, we cannot for that reason interpret the order as an adjudication of the merits of the case, when it shows on its face that it was not. Since the order of dismissal did not adjudicate the merits of the case, it does not constitute a bar to this action. The motion to strike is not well grounded. The court did not err in overruling it.

Appellee challenges our right to determine this appeal contending that the ruling appealed from does not constitute an appealable order. We are disposed to the view and hold that the order appealed from is ''an intermediate order involving the merits or materially affecting the final decision'' and therefore appealable pursuant to the provisions of subparagraph 4 of section 12823 of the Code, 1939. However, since we find no merit in appellant's contention, the order appealed from must be and it is affirmed.—Affirmed.

HALE, C. J., and MITCHELL, OLIVER, BLISS, and GARFIELD, JJ., concur.

SAGER and WENNERSTRUM, JJ., dissent.

WENNERSTRUM, J. (dissenting)—I am unable to agree with the majority opinion and therefore respectfully dissent. It is my judgment that the statutes as set forth in the majority opinion do not justify or authorize a dismissal ''without prejudice'' under the facts in this case, and as results from the majority holding. The dismissal did not say it was ''without prejudice.'' There was a trial of the first case and as stated in Code section 11563, 1939 Code of Iowa, ''In all other cases [where there is no dismissal as provided by section 11562] upon

the trial of the action the decision must be upon the merits.'' The trial court may have intended to set aside the submission or thought it was doing so but that is not what it did. The majority opinion follows certain cited cases, which in part appear applicable. I respectfully state that I believe it should be this court's duty to follow the statute. There is no statutory authority for the action as is now approved by the majority opinion. If the legislature has not provided for such action as was followed by the trial court it should be the responsibility of the legislature to correct this fault. I trust that I am not narrow in my conception of a court's duty and province but it seems to me we would be doing much to preserve our traditional theories of government if the courts adhered to the principle of interpreting the laws rather than assuming the responsibility of adding to them where there is no law that meets the immediate problem before the court. I would reverse.

I am authorized to state that SAGER, J., joins in this dissent.