Rickie Dean GAIL, Janet Gail, Amanda Kay Gail, by her next friend, Rickie Dean Gail, and Neal Bryan Gail, by his next friend, Rickie Dean Gail, Appellants,

v.

WESTERN CONVENIENCE STORES, Appellee.

No. 88–21.

Supreme Court of Iowa.

Jan. 25, 1989.

Dennis P. Ogden and Roxann D. Conlin of James, Galligan & Conlin, P.C., Des Moines, for appellants.

Raymond R. Stefani and Raymond R. Stefani, II of Gray, Stefani & Mitvalsky, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Gail, a Cedar Rapids police officer, recovered substantial damages for personal injuries he suffered when an intoxicated driver rammed his police car during a high speed chase. We affirmed that judgment in a previous appeal. *Gail v. Clark*, 410 N.W. 2d 662, 675 (Iowa 1987). An interest award, though a part of the judgment, was not challenged in the prior appeal. The question here is whether that interest award was subject to modification in accordance with a rule we meanwhile announced in another case. The trial court held the interest award could be modified;

we hold it cannot. We reverse and remand.

Gail and his family brought a dram shop action against Western, as well as claims against other defendants. The other defendants settled prior to trial. A jury awarded a verdict of $1,261,000 and judgment was entered for that amount. Western applied for pro tanto credit for the amounts received in the settlements with the other defendants. In the resistance to the application, the Gails requested the court to "make it clear ... Western is required to pay interest on the full amount of the judgment ... without consideration of the amounts credited." For the most part the district court granted the motion, stating:

> The court rules that the interest of said sums for which pro tanto credit was given shall draw lawful interest from the date that the petition was filed until the date they were paid to plaintiff and not thereafter. After said date plaintiff could have invested the funds as he saw fit. Ruling as to interest is so ordered.

As mentioned, in the appeal to this court which followed the interest award was not challenged.

While the prior appeal was pending and before it was submitted to our court we held that prejudgment interest should accrue only on the net recovery after pro tanto credit. *Duggan v. Hallmark Pool Manufacturing Co.*, 398 N.W.2d 175, 180 (Iowa 1986). After we filed our opinion Western paid $1,418,764.46 but refused to pay an additional $81,254.52 which was the amount due for interest under the trial court's order. Western filed a motion for entry of satisfaction of judgment. The trial court determined the earlier ruling was "de facto void ab initio" and sustained the motion. It ordered interest to be paid in accordance with *Duggan*. The present appeal then followed.

I. Where a court has jurisdiction over the person and the subject matter of a case, no error in the judgment can make it void. *Mahaffa v. Mahaffa*, 230 Iowa 679, 683–84, 298 N.W. 916, 919 (1941). The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties from relitigating issues which were or could have been raised in that action. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103, 108–09 (1981). The res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Id.*

A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review. *Marshfield Homes, Inc. v. Eichmeier*, 176 N.W.2d 850, 851 (Iowa 1970). A judgment may be attacked collaterally only if it was entered without jurisdiction. *Id.* The fundamental purpose of the res judicata doctrine is to make judgments clear and certain. Without the doctrine the conclusive character of judgments would be undermined. *Federated Dep't Stores*, 452 U.S. at 398–99, 101 S.Ct. at 2428, 69 L.Ed.2d at 109.

II. The motion for entry of satisfaction of judgment here was clearly a collateral proceeding. Its purpose was to avoid paying the interest ordered in the previous ruling. The Gails raised this issue in the previous proceeding. The trial court ordered Western to pay prejudgment interest on the amounts credited from the date of filing until the date they were paid. The order was clear in its award of interest. Because Western did not challenge the interest award on appeal the order must be allowed to stand.[1]

---

1. Western argues the district court properly clarified its original order. Western's position in essence views the subsequent order as an order nunc pro tunc. But it is not the purpose of nunc pro tunc order to correct a judicial conclusion or mistake of law. *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). The subsequent order cannot be viewed as an order clarifying the original one.

III. We have long adhered to what is known as the United States Rule regarding computation of interest when payment is made toward retiring a judgment. *See, Smith, Twogood & Co. v. Coopers & Clarke,* 9 Iowa 376, 387 (1859). The rule seems to enjoy general application. 47 C.J.S. *Interest and Usury,* § 74 at 164 (1982); 45 Am.Jur.2d *Interest and Usury,* § 99 at 88 (1986). When partial payments are made they are allocated first toward the interest due. Any payment which exceeds the interest due is applied toward the judgment principal. Subsequent interest is to be computed on the remaining principal.

We conclude that the trial court's original order on interest was voidable, not void, and was subject only to direct attack. Western did not attack the order in its first appeal. This collateral attack cannot be allowed. The judgment of the trial court must be and it is hereby reversed and remanded.

REVERSED AND REMANDED.