Mr. Justice FIELD
 

 delivered the opinion of the- court.
 

 The decree dismissing the bill in the former suit in the Circuit Court of the United States being absolute in' its terms, was an adjudication of the merits of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties. A decree of that kind, unless made because 'of some defect, in the pleadings, or for want, of jurisdiction^ or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. - Where words of- qualification, suck as “without prejudice,” or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits.
 
 †
 

 Accordingly, it is the géneral practice in this country and in England, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decrée
 
 *110
 
 'that the dismissal is without prejudice. The omission of the qualification in a proper, case will be corrected by this court on appeal.
 
 *
 

 ' In the case in the Circuit Court we are not left to conjectures, or to presumptions, as to what was intended fey the decree. The plea of the ■ defendants' avers, that testimony was taken on both sides, and that the case was' heard- on its rqerits, and argued by'counsel. And when the mandate of this court was filed, fhe complainant moved for leave to discontinue the siait, or that .the .bill be dismissed without 'prejudice; but the motion was denied and the decree was affirmed.
 

 There is nothing in the, fact.that the-judges of this court \vere divided in opinion upon .the question whether the decree should be 'reversed or not,1 and, therefore, ordered’an affirmance-of the decree of-the cpurt below. The judgment of affirmance was the judgment of the entire court. The ■division of opinion between the judges was the reapon for' the fentry of that judgment'; but the reason is.no part.of the • judgment itself., /
 

 It has long been the doctriné in this country and in England, where-courts consist of several' members,', that no affirmative action can be had in a cause where the judges '..are equally divided in opinion as to the judgment to bp rendered or order to.be made/ If. affirmative action is necessary fbr the further progress of the 'cause, the division operates'as a stay of proceedings. If.the affirmative action' .sought-is to;set aside,or modify an existing judgment or order, the division operates as a denial óf the application, ' and the judgment, or order, stands in full force; to be carried ■
 

 , into effect by the ordinary means.
 

 Thus,, in
 
 Iveson
 
 v.
 
 Moore,
 

 †
 

 a verdict was rendered for the
 
 *111
 
 plaintiff, and according to the practice prevailing in the English courts, a rule was entered for judgment
 
 nisi.
 
 AfterWafds a rule was obtained that the judgment should be arrested
 
 'nisi
 
 — that is, unless cause be shown against the arrest. On motion to discharge this latter rule the judges were equally divided, and no order could be made. But the court said, if “ it had been divided' on the first motion [that is, the • motion against the judgment under the general rule], the plaintiff might have entered judgment; but now this, rule .[in arrest] must stand or be discharged, and discharged it cannot be, for the court is equally divided.” The inability of the court, from the division, to take affirmative action, would havoallowed the plaintiff to enter his judgment under the general rule-if no order in arrest has been made; but that, being made, the position of the parties was changed.
 

 'In
 
 Chapman
 
 v.
 
 Lamphire
 

 *
 

 the plaintiff obtained a 'verdjet, •upon which the usual rule was entered for judgment
 
 nisi,
 
 in accordance with the established practice. A motion was then made for the arrest of the judgment, and it is reported that “ the judges were divided in opinion, two against two,, and so .the plaintiff had'his judgment, there being no i;ule. made to stay it, so that he had his judgment upon his general rule for judgment; but if it had'been upon a demurrer or special verdict, then it would have been adjourned to the Exchequer Chamber.”
 

 By a law of England, passed as long ago as 14 Edward III, if the judges of the'King’s Bench, or Common Pleas, are- equally divided, the case is to b'e adjourned to the Exchequer Chamber, and be there argued before all the justices of England. If these are equally divided, it is to be determined at the next Parliament by a prelate, two earls, and two' barons, with the advice of the lords chancellor, and treasurer,the judges, and other of the king’s council.
 
 †
 

 In the case of the special v srdict, affirmative action would be required to'enter judgmeit, which would be impossible
 
 *112
 
 from the division of the judges. . But in the case of the demurrer, the effect of a division would depend, we think, upon the rules of practice established in such cases, for in the absence of a settled practice or general rule of court upon the subject, the judges disagreeing as to the demurrer might disagree also as
 
 to
 
 the effect of their inability to de: cidp it, as was the fact in this court in the case'between the commonwealth of Virginia and West Virginia-, argued upon demurrer to the bill at the last term;
 

 ■In cases of appeal or writ of error in this court, the appellant or plaintiff in,error is always the moving party. It is ' affirmative action which he asks. • The quéstion presented is, shall the judgment, or decree, be reversed ? Tf the judges are divided, thp reversal cannot be had, for no order can be made. . The judgment of the court below, therefore, stands in full force. It is, indeed, thp settled practice in such case to enter a judgment of affirmance; but this is only the most convenient 'mode of expressing the fact that the cause is. finally disposed of in conformity with ther action of the court below, and that that court can proceed to.enforce its judgment.- The legal effect would be the- same if the appeal, or writ of error, were dismissed.
 

 '
 
 The
 
 Antelope,
 
 *
 
 and
 
 Etting
 
 v.
 
 The Bank of the United
 
 States,
 
 †
 
 are cases where the decisions of the court below, or 'some part of them, were affirmed upon a division of'the judges, and a term seldom passes in which there are not several cases disposed Qf in this way. In
 
 Brown
 
 v.
 
 Aspden,
 

 ‡
 

 Chief Jlistice Taney observed that there was no difference between a decree in chancery and a judgment at law as to its affirmance on a division of the.court. “In, both .cases,” he said, “the motion is to reverse, and if that fails, the judgment, or decree, necessarily stands.”
 

 It is also the practice of the Exchequer- Chamber in England to affirm the judgment of the. court below,.brought before it on a writ-of error, when the judges are equally divided. Where'a case is adjourned to that court, under the
 
 *113
 
 statute of 14 Edward III, upon a division of the judges of the coui’t below, the practice,' as we have stated, is different. But on writs of error it is similar to that followed by this court. Such, also, is. the practice of the House of Lords when sitting as a court of appeals. It is said that this practice depends upon the manner in which the Lords put the question, which is always in this form : Shall this judgment, or decree, be reversed ? But that is the question in all appellate courts, and the particular manner in which the question is stated, cannot change the rule of law on the subject.
 
 *
 

 The statement which always accompanies a judgment in such case, that it is rendered by a. divided court, is only intended to show that-, there was a division among the judges upon the questions of law or fact involved, not that there was any disagreement as to the judgment to'be entered upon such division. It serves to explain the absénce of any opinion in the cause, and prevents the decision from becoming an authority for other cases o'f like character. But the judgment is as conclusive and binding in every respect upon the partie's as if rendered upon the'concurrence of all the judges upon every question involved in the case.
 

 Judgment affirmed.
 

 †
 

 Walden
 
 v.
 
 Bodley, 14 Peters, 156; Hughes
 
 v.
 
 United States, 4 Wallace, 237; Bigelow
 
 v.
 
 Winsor, 1 Gray, 301; Foote
 
 v.
 
 Gibbs, Ibid. 412.
 

 *
 

 Lindsay v. Lynch, 2 Schoales & Lefroy, 10; Woollam
 
 v.
 
 Hearn, 7 Vesey, 222; Stevens
 
 v.
 
 Guppy, 3 Russell, 185; Sewall
 
 v.
 
 Eastern R. R. Co., 9 Cushing, 13; Miles
 
 v.
 
 Caldwell, 2 Wallace, 45; Carneal
 
 v.
 
 Banks, 10 Wheaton, 192; Dandridge
 
 v.
 
 Washington, 2 Peters, 378; Piersoll
 
 v.
 
 Elliott, 6 Id. 100; Gaylords
 
 v.
 
 Kelshaw, 1 Wallace, 83; Barney
 
 v.
 
 Baltimore, 6 Id. 289; Hobson
 
 v.
 
 McArthur, 16 Peters, 195.
 

 †
 

 1 Salkeld, 15; S. C., 1 Lord Raymond, 495.
 

 *
 

 3 Modern, 155.
 

 †
 

 Comyn’s Digest, title Court, D. 5; Coke Litt. 71, 2.
 

 *
 

 10 Wheaton, 66.
 

 †
 

 11 Id. 59.
 

 ‡
 

 14 Howard, 28.
 

 *
 

 See Bridge
 
 v.
 
 Johnson, 5 Wendell, 372.