[No. 374.   March 2, 1889.]

## EDWARD T. FARISH et al., Plaintiffs in Error, v. NEW MEXICO MINING COMPANY et al., Defendants in Error.

MEXICAN GRANT—BILL TO ESTABLISH TITLE—PLEAS, RES ADJUDICATA, STATUTE OF LIMITATIONS.—In 1865 the complainants filed a bill in equity under oath to establish title to a Mexican grant. To this bill the defendants filed an answer under oath, responsive to the allegations of the bill. The cause was referred to a master, and depositions were taken by defendants sustaining their title. No reply was made by complainants, and defendants, after the time had expired for filing a reply and taking proof before the master, moved to dismiss the cause for want of prosecution, which motion was granted in 1868, upon argument by both sides, and the court being fully advised. On a bill filed by the same complainants in 1883, based on the same legal title and substantially the same facts, where the defendants pleaded the former adjudication, and the statute of limitations of ten years, in bar of the action—Held:   The dismissal was a decision on the merits of the controversy, presented by the pleadings and proof, and fully sustained defendants' plea of res adjudicata. If there were any doubt on this point, complainants' claim would still be barred by the statute of limitations of ten years.

ERROR, from a decree in favor of defendants, to the First Judicial District Court, Santa Fe County. Decree affirmed.

E. T. FARISH, JOHN D. POPE, and FRANCIS DOWNS for plaintiffs in error.

"A former judgment or decree, in order to conclude the question when raised again, must have been rendered upon the hearing of the parties upon the merits of the case."   2 Madd. 311; 14 Ves. 232; Coop. Eq. Pl. 270; 1 Atk. 571; Story Conflict Laws, 506; 3 Story Const. 178; 3 Cranch, 283; 6 Whea. 109; 2 Gall. 328; 1 Brown Appx. 1.

Where the record shows the case was dismissed "for want of jurisdiction," or "for failure to prosecute,"

or "without prejudice," there is no estoppel. Foote v. Gibbs, 1 Gray, 412, 413; Story Eq. Pl., sec. 783a.

A decree, dismissing a bill for matters not involving the merits, is no bar to a subsequent suit. Hughes v. U. S., 4 Wall. 232; Durant v. Essex County, 7 Wall. 107.

The dismissal of a libel in one of the United States for want of prosecution, is not a bar to subsequent proceedings for the same cause of action in another state. East Dist. of Pa., Sarchet v. Davis, Crabbe, 185; Homer v. Brown, 16 How. (U. S.) 354; Union Bank v. Vaiden, 18 Id. 503.

The dismissal of a suit for want of jurisdiction, on account of any omission from the pleadings of the jurisdictional fact which really exists, is no bar to a second suit on the same cause of action. Smith v. McNeal, 109 U. S. 426.

A judgment is no bar where there was no final judgment on the merits. Block v. Dorman, 51 Mo. 31; Atlantic & Pacific R'y Co. v. St. Louis, 3 Mo. App. 315.

A nonsuit, voluntary or enforced, does not estop the plaintiff from bringing a new action. National Waterworks v. School District, 23 Mo. App. 227.

W. T. THORNTON and E. L. BARTLETT for defendants in error.

The dismissal of a bill in chancery will be presumed to be final and conclusive adjudication on the merits, whether they were, or were not, heard determined; unless the contrary is apparent on the face of the pleadings, or in the decree of the court, and such decree is a good plea in bar. Freeman on Judgments, sec. 270; Borrowscale v. Tuttle, 5 Allen, 377; 1 Bar. Chan. Pr., pp. 323, 331; Witford's Pl. 194.

To prevent such decree being a bar to another suit between the same parties, or their privies for the

same cause of action, it must be expressed in the decree that it is "without prejudice," or "without prejudice to an action at law," or other words indicating a right or privilege to take further legal proceedings on the subject.   2 Story Eq. Juris., sec. 1523; Story Eq. Pl., sec. 793; Durant v. Essex, 7 Wall. (U. S.) 107; Perine v. Dunn, 4 Johns. Chan. 141; Crocier v. Acer, 7 Paige (N. Y.), 144; Ogsborg v. Lea Forge, 2 Comstock (N. Y.), 114; Foote v. Gibbs, 1 Gray, 412; Heirs of French v. French et al., 8 Ohio, 214; Coop. Eq. Pl. 270; Bigelow v. Winsor, 1 Gray, 301.

Answers under oath are to be treated as evidence, and will prevail unless overcome by the testimony of two witnesses, or of one witness, with strongly corroborating circumstances.   Story Eq. Pl., secs. 849a, 875a; Story Eq. Juris., sec. 1528; Borrowscale v. Tuttle, 5 Allen, 377.

The presumption of law is that the whole case was passed upon by the chancellor.   Though as a matter of fact "the merits" of this case were fully set out in the bill and answered, and the answer was supported by the testimony of two witnesses, which was not necessary.   Where no reply is filed, when required, the answer is taken as true, and the defendant needs no proof, and the complainant can not offer any.   1 Bar. Chan. Pr., p. 254.

Whatever might have been fairly within the scope of the pleadings in the former suit must be held as concluded by the judgment.   Aurora City v. West, 7 Wall. (U. S.) 102.

Section 2190, Compiled Laws, is but declaratory of the general law that "material and incurable defects in pleadings, though not noticed in the bill of exceptions, or by counsel, may be reviewed."   Garland v. Davis, 4 How. 13; Blanchard v. Putnam, 8 Wall. 420; Langdean v. Haines, 21 Wall. 521.

There is no rule of court or principle of law which

prevents a party from assuming a ground in this court which was not suggested below. Watts v. Waddle, 6 Pet. 389.

The entire transcript of the record is before the court for examination. Scott v. Lanford, 19 How. 393.

If a tract confirmed by congress has clearly defined boundaries or is capable of identification, the confirmation perfects the claimant's title. Morrow v. Whitney, 95 U. S. 551; Whitney v. Morrow, 112 U. S. 693; Langdean v. Haines, 21 Wall. 521; U. S. Land and F. Co. v. Tameling, 3 Otto.

Patents for lands which have been previously granted, reserved from sale, or appropriated, are void. Morton v. Nebraska, 21 Wall. 660; Polk v. Wendall, 9 Cranch, 87; Same v. Same, 5 Wheat. 293; Patterson v. Winn, 11 Id. 380; Stoddard v. Chambers, 2 How. 284; Minter v. Crommelin, 18 How. 87; Rice v. Minnesota & N. W. R'y Co., 1 Black. 358; Stone v. U. S., 2 Wall. 525; Richart v. Phelps, 6 Wall. 160; Riley v. Wells, 19 U. S. Cor. Add. 648.

HENDERSON, J.—Plaintiffs in error filed in the court below a bill, the object and purpose of which was to establish in them through purchase and by descent an equitable title to a half interest in a mine called "Santa Rosalia," and four square leagues of land, measuring two leagues from Santa Rosalia mine to all the cardinal points of the compass, two leagues to the north, two leagues to the south, two leagues to the east, and two leagues to the west from the orifice of the mine. The bill alleges that a grant was made by the Mexican government in the year 1833 to Jose Francisco Ortiz and Ignacio Cano of a mine called "Santa Rosalia," with a right of possession for wood, water, and grazing privileges upon four square leagues of land described as above. Possession by Ortiz and

Cano as tenants in common is alleged until the death of Cano about the year 1836, and possession by Ortiz for himself and the heirs of Cano until the death of Ortiz, in the year 1848. That the grant was presented to the surveyor general for approval, and by him approved and recommended for confirmation on the twenty-fourth of November, 1860. That in the month of March, 1861, the grant was confirmed by congress as recommended by the surveyor general, but that the confirmation should only be construed as a quitclaim or relinquishment on the part of the United States, and should not affect the adverse rights of any other person. The grant was surveyed and approved in the year 1875, and patented to the New Mexico Mining Company in 1876. The bill alleges fraud on the part of the New Mexico Mining Company in procuring the patent to be issued to it. It sets out a conveyance from the New Mexico Mining Company to defendants Elkins, Chaffee, Donnell, and Anderson, and charges notice to them when they purchased. It is further charged that defendants are in possession, and are taking large profits out of the mine. The bill prays that defendants be declared trustees as to a half interest, for an account of rents and profits, and for general relief.

Defendants filed a joint and several answer, in which they admit the original grant of the mine, but neither admitted nor denied the grant of the four leagues of land. They deny that Ortiz and Cano acquired title to any mines within the four leagues, except the Santa Rosalia. They admit the joint possession and ownership af Ortiz and Cano in 1833, but set up a purchase by Ortiz from Cano. They deny that Cano at the date of his death had any interest in the mine or lands, or that his heirs from that date until the date of Ortiz' death, in 1848, claimed any interest or asserted any title or were in possession of the mine or lands. That Ortiz, being sole owner, died leaving a will in due

form by which he devised the lands to his widow, from whom the defendants, through mesne conveyances, have acquired title to the entire property. The answer denies possession by the heirs of Cano or their grantees at any time since Cano's conveyance to Ortiz. It denies all fraud on the part of the New Mexico Mining Company in procuring the patent to be issued to it. Admits the approval by the surveyor general, confirmation by congress, survey and patent, of the dates as stated in the bill. The defendants set out and pleaded a former adjudication in bar of this action. They also plead the statute of limitation of ten years. It further appears from the bill, answer, and exhibits, taken together, that A. Rencher, Elisha Whittlesey, Ferdinand W. Risque, Andrew S. O'Bannon, Charles. W. Sherman, and W. M. Miller filed their petition for the approval of the grant by the surveyor general, and that they were found to be the owners of it by him. That afterward the New Mexico Mining Company, in the year 1865, filed an amended petition, setting forth that by virtue of an act of the legislative assembly of New Mexico, approved February 1, 1858, the original petitioners for approval had been made and constituted a corporation and body politic, and prayed that the patent issue to the company, which was accordingly done. That the New Mexico Mining Company has been in the exclusive possession of the mine and property from the date of its incorporation, in 1858, is certain from all that appears in the record. This bill was dismissed for want of equity, but the ground stated by the court below was confined to the plea of res adjudicata and proofs in support thereof.

These complainants, or some of them, representing the title derived through Ignacio Cano, deceased, in the year 1865, filed a bill in the district court of Santa Fe county, based on the same legal title and sub-

stantially the same facts as this, in which they sought
to have their title as heirs of Cano established, and the
mine and grant partitioned, one half to the representa-
tives of Cano and one half to the representatives of
Ortiz. The bill was under oath, and called for an
answer to its allegations under oath. The answer was
under oath, and contained substantially, down to that
date, the facts stated in the answer filed here, as to the
history of the grant, the sale by Cano to Ortiz, and
the title acquired by the New Mexico Company, and
the other facts vital to the claim made by the bill. The
answer in that suit was responsive to the allegations
contained in the bill. The cause was referred to a
master to take proof. Two depositions were taken by
the defendants, sustaining the title of the defendants,
or tending to do so, by proving a deed from Cano to
Ortiz as claimed. No replication was filed by com-
plainants. After the time had expired to file a reply
and take proof before the master, defendants moved to
dismiss the cause for want of prosecution. The order
of the court is as follows: "On this day [February 24,
1868] came the said parties by their solicitors, and the
said defendants by their solicitor, and move the court
to dismiss this cause for want of prosecution; and the
same having been argued by counsel upon both sides,
and the court having been fully advised in the premises,
it is considered that the same be, and is hereby, sus-
tained. It is, therefore, considered by the court that
the said defendants recover their costs of the said com-
plainants in this behalf expended, to be taxed, and
that execution issue therefor."

On this proposition it is contended on behalf of
plaintiffs in error that the recitals in the record show
affirmatively that the dismissal of the bill in 1868 was
not upon the merits of the controversy, but simply be-
cause complainants had not been diligent in the prose-

cution of the suit, and that in such case the judgment
is not a bar. It is conceded that the suit is
between the same parties or their privies,
upon the same state of facts, founded upon the same
original right, and that, if the judgment hereinbefore
recited can be construed to have been upon the merits
of the controversy raised by the bill and answer, it will
be a bar to the present action. It is true that only
final judgments upon the merits between the same
parties or their privies, upon the same subject-matter,
can be treated as a bar. The courts speak through
their records only, and when these records are inspect-
ed by other courts they will give them such effect as
the rules of law applicable to their construction will
allow. Defendants in error insist that the cause had
progressed to answer and depositions and a reference to
a master to report the merits of the cause as shown by
the evidence, and that, therefore, the court must have
looked into the whole case made at that stage of the
suit, and entered the order of dismissal, not strictly be-
cause the suit had not been prosecuted, but because
the issue presented was found in favor of the defend-
ants; and that, whether this was so or not, solicitors for
complainants were present, and that the plea of res ad-
judicata not only embraces all matters actually litigat-
ed, but all matters that might or could have been litigat-
ed by the parties at the time. While the court refused to
enlarge the time for taking further proofs, complain-
ants could have had the cause set down for final hear-
ing on the bill, answer, and proofs taken, and not hav-
ing done so, and no saving in favor of a new bill, or
without prejudice to a fresh action, or words of any
kind appearing to prevent the dismissal from becoming
absolute and conclusive upon the merits, the merits
are presumed to have been passed upon, and the rights
of the parties concluded thereby. Upon looking upon
the record presented as a former adjudication, we

MEXICAN grant:
res adjudicata:
limitation.

think it proper to conclude that the court, in passing upon the motion to dismiss, examined into the state of the pleadings, and into each and every step taken in the cause, in order to determine the question raised, and by so doing the evidence contained in the answer and depositions was considered, and influenced the action of the court in dismissing the cause. Had it been true that the cause was dismissed simply because the suit had not been prosecuted with diligence, and the court refused to permit it to be dismissed with a qualification such as without prejudice, or other words limiting the effect of the dismissal, this court upon appeal would have reversed the decree. See Durant v. Essex, 7 Wall. 107. No effort, as appears from the record, was made to prevent the decree being made absolute. The defendants were entitled to a decree in their favor upon the pleadings and proofs as they stood when the order or decree of dismissal was entered. To give the decree less force and effect now, after the lapse of twenty-one years, and, as stated in the answer, after hundreds of thousands of dollars have been paid out by the company in improvements, and as against purchasers for value, would be inequitable and contrary to what we conceive the correct rule of law to be. To prevent a decree becoming a bar between the same parties or privies, for the same cause of action, it must be expressed in the decree that it is without prejudice, or other language employed indicating a right or privilege to take further legal proceedings on the subject. 2 Story, Eq. Jur., sec. 1523; Story, Eq. Pl., sec. 793; Durant v. Essex, 7 Wall. 107; Foote v. Gibbs, 1 Gray, 412; Coop. Eq. Pl. 270; Freem. Judgm., sec. 270; Borrowscale v. Tuttle, 5 Allen, 377. This would not be the case where the bill was dismissed for want of jurisdiction or want of prosecution, where no steps had been taken to bring the cause to issue and determination on proofs. In the case of Hume v. Beale's Ex'x, 17 Wall.

347, DAVIS, J., in delivering the opinion of the court where a former adjudication and lapse of time were pleaded and relied upon, said: "While it is not necessary for the purposes of this case to decide whether this decree can be treated as a former adjudication of the mattters in controversy, yet it is quite clear that forty years ago a Maryland court of equity, sitting on the spot where the transactions occurred, while they were fresh in the memory of men, did not believe Beale guilty of the breach of trust with which he was charged, and that the near kindred of the complainant acquiesced in the result of that suit." The court treated the demand in that case as stale, and, following the equity doctrine, without the aid of any statute of limitation, repudiated the claim. That case has application to this by analogy. Here Cano, from and through whom complainants claim title, died in 1836. No suit was brought until 1865. That suit had been pending for three years when it was dismissed, in 1868. This action was not brought until 1883. Nothing is alleged in the bill by way of justification or legal excuse for this long delay. The legal title vested by the act of congress approving the grant in 1861. No legal impediment has been shown to an action at law during all this long period. Had we any doubt of the correctness of the ruling of the court below on the sufficiency of the plea and proofs to sustain the defense of a former adjudication, it is plain upon the face of the pleadings and facts therein admitted that the claim of complainants is barred by the New Mexico statute of limitations of ten years, and that the decree below, upon the whole record, is right, and should be affirmed, and it is so ordered.

LONG, C. J., and BRINKER, J., concur.