GARNER v. SECOND NAT. BANK et al.

(Circuit Court, D. Rhode Island.   February 21, 1898.)

No. 2,566.

RES JUDICATA—JUDGMENT ON THE MERITS—WHAT CONSTITUTES.
    A judgment which determines the right of a party, though it may have been rendered on default or on a dismissal, is a judgment on the merits, and is conclusive as to such right and all matters which properly belonged to the subject, and which the parties, in the exercise of reasonable diligence, might have brought forward therein.

Heard on Demurrers to Pleas of Res Judicata.

Alex. Thain and D. R. Ballou, for plaintiff.
James Tillinghast and W. K. Allen, for defendants.

BROWN, District Judge.   The plaintiff's contention on demurrer to the pleas, that the former judgment was not upon the merits of the case, is based apparently upon a misconception as to what constitutes a judgment on the merits.   If the right upon which the plaintiff relies in her action at law has already been determined, together with the pecuniary compensation due her for violation of that right, then, according to the proper meaning of the terms, there has been a judgment on the merits.    It is immaterial upon what evidence this judgment was found.    A dismissal or a default may be the basis of a judgment on the merits.    Durant v. Essex Co., 7 Wall. 107; Forsyth v. City of Hammond, 166 U. S. 506, 17 Sup. Ct. 665; Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 691, 692, 15 Sup. Ct. 733.    The

defendants' pleas of res judicata apply to every point which properly belonged to the subject of the issue in the former litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. Cromwell v. Sac Co., 94 U. S. 351. Notwithstanding the allegations in the declaration of an agreement between the defendants. I am of the opinion that the pleas set forth in proper form a prior adjudication of the matters upon which the plaintiff relies in the action at law. The demurrers, therefore, are overruled.