# IN THE MATTER OF JAMES B. GORMAN, BANK-RUPT.

## April 12, 1906.

*Caption of a Petition in Bankruptcy—Jurisdiction:* The caption of a petition in bankruptcy is no part of the petition and is unnecessary. If the body of the petition is sufficient, and the petition is properly served, the court has jurisdiction even though the caption is defective.

*Judgment by Default:* Judgment by default is judgment on the merits and is conclusive upon the rights of parties who, in the exercise of reasonable diligence, might have contested the petition and evidence upon which the same was founded.

In Bankruptcy:   Motion to Dismiss Proceedings.

E. A. Douthitt and L. M. Straus, for the Motion.
Thompson & Clemons, Contra.

DOLE, J.   On the 18th day of January, James B. Gorman filed his petition in bankruptcy, alleging that he and F. M Kiley were for a long time previous to the filing of his petition, co-partners under the style of Kiley & Gorman, with their principal place of business in Honolulu; that more than four years had elapsed since they had been actually engaged in business; that the affairs of the partnership had not been settled and that there had been no accounting or dissolution of the firm, and that the partnership was insolvent and without assets, but had liabilities over the aggregate amount of five hundred dollars, and that the petitioner owed debts which he was unable to pay and was willing to surrender his property for the payment thereof except such as were exempt.   The petitioner further avers that the said F. M. Kiley, his said partner, residing in Honolulu, refuses to join in his said petition, and refers to attached schedules both of the debts and creditors of the partnership and of himself individually, and prays that he as an indi-

vidual and the partnership be adjudicated bankrupt and that service of the petition with subpœna be made upon the said F. M. Kiley.

Both the petitioner and the partnership were adjudged bankrupt, the latter in default of answer by F. M. Kiley, the schedules showing partnership debts of over one thousand dollars, and reference was made as usual.

Now the said F. M. Kiley comes in with a motion to dismiss all proceedings as against him "individually or as an alleged member of the so-called firm of Kiley & Gorman, and against the alleged and so-called firm of Kiley & Gorman, and set aside all orders heretofore made and entered herein against" the same, upon the ground that the court has no jurisdiction either of the person or property of the said Kiley individually or as a member of the said firm, or of the said partnership, in that neither of them has been made a party "to the above entitled proceedings." The motion is based upon the records and proceedings in the case.

The argument for the motion proceeded mainly on the ground that the petition was entitled, "In the Matter of James B. Gorman, Bankrupt," making no reference either to F. M. Kiley or the partnership of Kiley & Gorman. Counsel for the motion cited *In re Laughlin,* 96 Fed. Rep. 590, in support thereof. This was a case for discharge, adjudication having been made by a referee. A partner petitioned to be declared a bankrupt, making no reference to the partnership of which he was a member except that at the foot of the schedule of creditors it was stated that "all the above debts were contracted by the firm of Laughlin & Hassel, Walker, Iowa, a firm composed of Charles H. Laughlin and Robert L. Hassel, &c." The proceedings upon this petition having affected the bankrupt only in his individual capacity and being in such form that a discharge would not bar the petitioner's liability to the debts owing by such firm, the case was returned to the referee with instructions to set aside the orders by him entered, and to grant leave to the petitioner to amend his petition and schedules to conform to the

requirements of the case,—that is, to aver that the petitioner was indebted as a member of the firm and giving the names of the partners, and to attach thereto schedules setting forth the firm debts, the firm property and other matters as is required in the case of proceedings brought by all the partners, as well as averments and schedules as to his individual debts and property, etc., and upon this being done, to enter the adjudication and proceed anew in the mode pointed out in the decision.

It will be seen that in this case the body of the petition was defective, and the facts being sufficient the court used its discretion to set aside the proceedings, allow the necessary amendments and instruct the referee to make a fresh start. But in the case before the court, the body of the petition is sufficient and the caption is or may be regarded as defective. Under this condition of things, is the mover's contention that neither he nor the firm have been made parties to the case and that therefore the court has acquired no jurisdiction over him or the partnership, valid?

In *Jackson v. Ashton,* 33 U. S. 93-4, a case requiring an allegation of citizenship as to the parties, the caption described the defendant as a "citizen of the State of Pennsylvania," but in the body of the bill he was described as of the city of Philadelphia. Chief Justice Marshall said:

"The title or caption of the bill is no part of the bill, and does not remove the objection to the defects in the pleadings. The bill and proceedings should state the citizenship of the parties, to give the court jurisdiction of the case. The only difficulty which could arise to the dismissal of the bill, presents itself upon the statement, 'that the defendant is of Philadelphia.' This, it might be answered, shows that he is a citizen of Pennsylvania. If this were a new question, the court might decide otherwise; but the decision of the court, in cases which have heretofore been before it, has been express upon the point; and the bill must be dismissed for want of jurisdiction."

It appears by the Forms in Bankruptcy adopted and estab-

lished by the Supreme Court of the United States, November 28th, 1898, and published with the Bankrupt Law, that the forms for petitions in bankruptcy are without captions.

The subpœna served on Kiley called upon him "to answer to a petition filed by James B. Gorman, individually, and James B. Gorman as a member of the firm of Kiley & Gorman in our said court praying that said partnership be adjudged a bankrupt," &c.   A copy of the petition was also served on him with the subpœna.   It appears therefore that he was by such service fully informed of the nature of the petition, and that the proceedings so far are regular according to the 8th General Order in Bankruptcy.      It further appears by the minutes of the court in these proceedings that at a hearing on the 29th day of January, eleven days after the filing of the petition, the said F. M. Kiley being represented by counsel, the counsel for the petitioner moved that the hearing be continued to February 12th, which motion was granted; that upon such date the hearing was ordered by the court to be passed until called up by counsel; that on the 14th day of February, hearing, by consent of counsel, was set for February 16th, and that upon that date the case was heard ex parte and adjudication made, declaring the said Gorman as an individual and the said firm of Kiley & Gorman, bankrupt.

"In *Garner v. Bank,* (C. C.) 89 Fed. 636, it was held, in full accordance with the general doctrine of the cases, that a judgment which determines the right of a party, though by default, is a judgment on the merits, and is conclusive as to such right and all matters which properly belonged to the subject, and which the parties, in the exercise of reasonable diligence, might have brought forward therein."   *In re American Brewing Co.,* 112 Fed. Rep. 752, 759.

A considerable amount of costs has already accrued.   No satisfactory reason has been presented for the allowance of the motion to dismiss.   The contention of want of jurisdiction must be overruled for the reasons and authorities given.   The

mover has had full opportunity to contest the prayer of the petition and has failed to do so.

The motion is overruled.