On petition for reconsideration of order denying attorney fees to respondents McCall, MacPherson, Swaim, Lewis, and Tipperman filed February 18, petition for reconsideration denied April 8, 2004

LEAGUE OF OREGON CITIES,
Benton County, City of Beaverton,
City of Eugene, Junction City,
City of Veneta, Bev Stein, Vera Katz,
Multnomah County, City of Portland,
and Washington County,
*Respondents,*

*v.*

STATE OF OREGON,
John Kitzhaber, M.D.,
and Bill Bradbury,
*Appellants,*
*and*

Stuart MILLER,
*Intervenor.*

(CC 00C-20156; CA A113789; SC S48450 (Control))

Audrey McCALL,
Hector MacPherson, Michael E. Swaim,
James Lewis, and Mark Tipperman,
*Respondents,*

*v.*

John KITZHABER, M.D.,
Bill Bradbury,
and the State of Oregon and its political subdivisions,
*Appellants,*
*and*

Stuart MILLER,
*Intervenor.*

(CC 00C-19871; CA A113790; SC S48451)

87 P3d 672

Thomas M. Christ and Thomas W. Brown, of Cosgrave Vergeer Kester LLP, Portland, filed the petition for reconsideration of attorney fees for respondents McCall, MacPherson, Swaim, Lewis, and Tipperman.

No appearance *contra*.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.*

PER CURIAM

---

* Kistler, J., did not participate in the consideration or decision of this case.

**PER CURIAM**

The plaintiff-respondents in *McCall v. Kitzhaber*, S48451 (hereafter "*McCall* plaintiffs"), petitioned this court for an award of attorney fees, which petition the court denied by an equally divided court. *McCall* plaintiffs now ask us to reconsider that order. We deny the petition for reconsideration.

■■ *McCall* plaintiffs argue that, when the court divides equally, it should allow a petition for attorney fees. We, however, do not share that view. Instead, we align ourselves with the United States Supreme Court, which has held that an equally divided court cannot act to grant affirmative relief. *See Durant v. Essex Company*, 74 US 107, 110, 19 L Ed 154 (1868) ("no affirmative action can be had in a cause where the judges are equally divided in opinion as to the judgment to be rendered or order to be made").

■■ *McCall* plaintiffs also contend that an order denying by an equally divided court is no ruling and that this court has left the trial court without guidance. It was not the office of our order to give guidance to the trial court. Again, we deem the Supreme Court's decision in *Durant* instructive. First, the order is in fact a ruling of the court. *See id.* ("The division of opinion between the judges was the reason for the entry of that judgment; but the reason is no part of the judgment itself."). Second, the order is binding on the parties even though it is not precedent for other cases. *See id.* at 113 (judgment by equally divided court "prevents the decision from becoming an authority for other cases of like character. But the judgment is as conclusive and binding in every respect upon the parties as if rendered upon the concurrence of all the judges upon every question involved in the case.").

The petition for reconsideration is denied.