David KENYON, Plaintiff/Appellee,

v.

Clayton EDWARDS, individually, Defendant/Appellant,

Lt. Jim Hale, individually; Jeremiah Ervin, individually; Dan Jarry, individually, originally sued as "Van Jarry,", Defendants.

No. 05–3487.

United States Court of Appeals, Eighth Circuit.

Jan. 18, 2007.

Before LOKEN, Chief Judge, WOLLMAN, BEAM, MURPHY, BYE, RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, BENTON and SHEPHERD, Circuit Judges, en banc.

### ORDER

v.

Clayton EDWARDS, individually, Appellant

Lt. Jim Hale, Individually, et al.

No. 05–3487.

United States Court of Appeals, Eighth Circuit.

May 1, 2007.

### ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

BEAM, Circuit Judge, with whom RILEY, Circuit Judge, joins, dissenting.

Before this en banc panel is defendant's motion to reconsider the court's order dated January 18, 2007, affirming, "by vote of an equally divided court" a district court order concerning defendant's right to qualified immunity. This en banc affirmance, by its adoption of a district court order that (1) failed to rule on defendant's timely motion for qualified immunity and (2) made qualified immunity a question of fact, erroneously denies Officer Edwards' well-established qualified immunity protections, in clear violation of recent, substantial and binding Supreme Court and circuit precedent. From this result, I dissent.

### BACKGROUND

I adopt by reference the factual emanations found in the panel opinion and dissent, *Kenyon v. Edwards*, 462 F.3d 802 (8th Cir.2006), *vacated*, (Nov. 22, 2006), although, for reasons outlined later, I reject as wholly irrelevant factual contentions in the panel dissent concerning Officer Edwards' state of mind at the time of the incidents in question. I set forth spe-

cific facts from these sources and elsewhere in the record as they may be helpful in explaining my concerns.

The plaintiff, David Kenyon, was arrested at a demolition derby in Searcy, Arkansas, by Officer Edwards and three other policemen, Lt. Jim Hale, Jeremiah Ervin and Dan Jarry. In the course of the arrest, Kenyon was handcuffed, with some or all of the other officers physically participating. During this occurrence, Kenyon claims that his rotator cuff was injured. Whether or not this injury resulted from the cuffing is a disputed fact. The stated grounds for the arrest were domestic battery and public intoxication. There is no dispute that when Officer Edwards arrived at the scene, Shirley Cox, Kenyon's ex-wife, was injured, Cox told Edwards that Kenyon had hit her and Kenyon smelled of alcohol when approached by Edwards. Indeed, Kenyon concedes that Edwards had probable cause to arrest him for domestic battery and public intoxication. Joint Appendix at 98 (Response to Statement of Indisputable Material Facts). He was later acquitted of battery. The intoxication charge was dismissed.

Thereafter, Kenyon sued Edwards, Hale, Ervin and Jarry claiming violations of his rights under the Fourth and Fourteenth Amendments to the Constitution. The alleged offending transgressions resulted in charges of false arrest and use of excessive force by the officers. The issue of the immunity of the police officers was not raised initially and the case went to trial before a jury. The jury unanimously found that there was no false arrest by any defendant and that Hale, Ervin and Jarry used no excessive force. The jury was divided on whether Edwards had applied excessive force, causing the district court to declare a mistrial and schedule a new trial. Subsequently, Edwards sought qualified immunity through a motion for summary judgment. The parties ten-

dered, by depositions and otherwise, trial and discovery evidence in support and defense of their respective positions. Appellate review of the district court's handling of this qualified immunity defense is the only matter now before this en banc panel, the three-judge panel opinion having been vacated by vote of the circuit judges in regular active service.

In considering the question of qualified immunity, the district court correctly articulated the two-step analysis outlined in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), a case I discuss in more detail hereinafter. In this regard, the district court said:

> First, [the court asks] whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 [121 S.Ct. 2151, 150 L.Ed.2d 272] (2001). If the answer is no, [the court grants] qualified immunity. If the answer is yes, [the court goes] on to determine "whether the right was clearly established." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202 [121 S.Ct. 2151].

*Kenyon v. Edwards*, No. 4:04CV00131, 2005 WL 2176937, at *3 (E.D.Ark. Aug.31, 2005) (alterations in original).

In its opinion and order dealing with these issues, the district court further held that if the facts on the issue of excessive force are "as asserted by Kenyon, ... Edwards' conduct violated a constitutional right." *Id.* But, on the second *Saucier* question, i.e., whether a constitutional violation would have been clear to a reasonable officer under "the situation he confronted," the district court stated, "[a]t this juncture of the proceeding, it is impos-

sible to say because a material question of fact exists." *Id.* Qualified immunity was denied. There is no further explication of what fact or facts remained to be decided and by whom or at which of the two *Saucier* steps they must be determined. The opinion and order of the district court, now affirmed by the en banc panel, answered neither of the two *Saucier* questions, both of which are questions of law under relevant precedent. The district court also wholly ignored this court's holding in *Schatz Family ex rel. Schatz v. Gierer,* 346 F.3d 1157 (8th Cir.2003), which requires a district court to actually rule on a public official's timely motion for qualified immunity. Taken together, the two courts' respective orders throw the qualified immunity law of this circuit into ever increasing disarray.

## DISCUSSION

### A.

The Supreme Court in *Saucier* explained, as noted by the district court, that qualified immunity is a two-step inquiry. The first inquiry is whether a constitutional right is violated under the facts alleged. *Saucier,* 533 U.S. at 200, 121 S.Ct. 2151. The second inquiry, assuming that such a violation is established, is whether the violated right was clearly established upon consideration of the particular incident at a specific factual level, and not on a basis of legal generalities. *Id.* Both inquiries are questions of law, which, on appeal, are reviewed de novo. *Robinette v. Jones,* 476 F.3d 585, 591 (8th Cir.2007) (citing *Liebe v. Norton,* 157 F.3d 574, 576 (8th Cir.1998)). This is so because "[w]hether an official is entitled to qualified immunity depends upon the 'objective legal reasonableness' of the official's actions 'assessed in light of the legal rules that were "clearly established"' at the time of the actions in question." *Id.* (quoting *Anderson v. Creighton,*

483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

As *Mitchell v. Forsyth* noted, the Supreme Court in *Harlow v. Fitzgerald,* "purged [the] qualified immunity doctrine of its subjective components." 472 U.S. 511, 517, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (citing *Harlow,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In *Graham v. Connor,* the Court said "[a]s in other Fourth Amendment contexts ... the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806. The privilege "is an *immunity from suit* rather than a mere defense to liability." *Id.* "[A]nd like an absolute immunity, it is effectively lost if a case is erroneously permitted [or required] to go to trial." *Id.* As a result, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest stage of litigation. *E.g., Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). Accordingly, Officer Edwards was and is clearly entitled to have the district court rule on his immunity defense, using the *Saucier* two-step approach. This, of course, has not occurred and will not occur given the en banc panel's proposed implementation of the equally divided court rule.

While it is not entirely clear what the district court purported to do, it is perfectly clear what it did not do. It did not follow the requirements of either *Schatz* or *Saucier.* The district court appears to have ruled that if a jury (or other undis-

closed fact-finder) gives Kenyon's allegations their best factual gloss, Edwards violated Kenyon's constitutional right to be free from the use of excessive force. The district court does not appear to have dealt with *Saucier*'s second question at all. If the district court's cryptic order means that there are facts yet to be determined at this second step, this would constitute an even more egregious violation of both Supreme Court and circuit precedent. In reality, then, as earlier indicated, the district court ignored both *Schatz* and *Saucier* but the en banc panel now affirms this procedure through misuse of the evenly divided court affirmance rule.

*Schatz* and the equally divided court rule aside, the district court apparently attempted to follow the route taken by the Ninth Circuit in *Saucier*, a pathway that was specifically and soundly rejected by the Supreme Court. In *Saucier*, the Supreme Court, rejecting the approach taken by the Ninth Circuit and the en banc and district courts here, said, "because of the limits imposed upon us by the questions on which we granted review, we will assume [as a matter of law] a constitutional violation could have occurred under the facts alleged based simply on the general rule prohibiting excessive force," 533 U.S. at 207, 121 S.Ct. 2151, and we will "then proceed to the question whether this general prohibition against excessive force was the source for clearly established law that was contravened in the circumstances this officer [Saucier] faced." *Id.* at 207–08, 121 S.Ct. 2151. But, the district court, and the en banc panel by its affirmance of the district court, did not and does not now propose to afford Officer Edwards either the full benefit of the first *Saucier* step or any of the benefits of the second *Saucier* step. The approach the district court adopted "-to deny summary judgment any time a material issue of fact remains on the excessive force claim-[undermines] the goal of qualified immunity to 'avoid exces-sive disruption of government and permit the resolution of many insubstantial claims on summary judgment.'" *Id.* at 202, 121 S.Ct. 2151 (quoting *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727).

### B.

Another important question raised by the present posture of this appeal is whether, as a matter of law, the en banc panel was correct in its failure to grant, on de novo review, Officer Edwards' motion for summary judgment, given the evenly divided en banc court.

If the state of the law did not put Officer Edwards on notice that his conduct was clearly unconstitutional, qualified immunity is required. *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). And, Edwards is not required to be a constitutional specialist as the en banc panel now seemingly holds. Clearly established, for purposes of qualified immunity, means that the contours of the right must be clear enough that a reasonable officer under the particular circumstances of a specific arrest would understand that what he is doing violates a constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). There are few, if any, cases that definitively outline the nature and character of this inquiry. Nonetheless, the Supreme Court has provided some guidance that clearly places Edwards on the immunity side of the line. *Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999), cited by Edwards in his petition for reconsideration, provides one such test. In *Wilson*, a police agency allowed the presence of ride-along members of the media inside homes where the agency was serving arrest warrants. This was ultimately deemed to be a constitutional violation by the Supreme Court. But, when it became evident that at the time of the acts there

existed a split among the federal courts on whether media "ride-alongs" could constitutionally enter homes with police personnel, the Supreme Court said, "[i]f judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." *Id.* at 618, 119 S.Ct. 1692.

Likewise, the Sixth Circuit, in a *Bivens* case involving a search using a defective warrant, citing *Wilson v. Layne,* held that federal agents "did not violate clearly established law," because there were disagreements on the constitutional issue between it and the Ninth Circuit. *Baranski v. Fifteen Unknown Agents,* 452 F.3d 433, 449 (6th Cir.2006) (en banc); *see also McCabe v. Macaulay,* 450 F.Supp.2d 928, 948 (N.D.Iowa 2006) (when the right has not been clearly established by the Supreme Court or the circuit in which the district court sits and other circuits are split on the issue, it cannot be said that the defendant has violated a clearly established right); *Johnson v. Riggs,* No. 03–C–219, 2005 WL 2249874, at *12 (E.D.Wis. Sept.15, 2005) (same). While not precisely on point here because the disagreements in these cases were between courts and not an evenly divided number of judges in the same circuit, these holdings should guide us to a reasonable outcome in this case.

As earlier noted, the jury, upon receiving Eighth Circuit Model Jury Instruction No. 3.04 on the elements of excessive force, acquitted three of the four police officers and could not agree upon Officer Edwards. On appeal before the three-judge panel, two of the three United States Circuit Judges found that no constitutional violation was made out by Kenyon and that a reasonably objective police officer would not have believed he or she was violating the Constitution. When the two issues were presented to the en banc panel of twelve judges, six found either no con-

stitutional violation or, at least, that the contours of the asserted right were not reasonably discernible to an objective police officer confronted by this same situation. To now require Officer Edwards to go through another jury trial under these circumstances is clearly contrary to the above-cited cases and abundant other binding precedent of this circuit carefully considered by the three-judge panel majority.

I concede that the Supreme Court rule affirming a district court when the appellate court is evenly divided is venerable and often utilitarian, but it should not lead to violation of other, later binding Supreme Court precedent. The divided court rule insofar as it might be applicable here, dates at least to Justice Field's 1868 opinion for the Supreme Court in *Durant v. Essex Co.,* 74 U.S. (7 Wall.) 112, 19 L.Ed. 154 (1868), if not earlier. A more recent explication of the rule is found in *Neil v. Biggers,* 409 U.S. 188, 191–92, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *Neil* discusses some of the history of the equally divided court rule, citing *The Antelope,* 23 U.S. (10 Wheat.) 66, 126–27, 6 L.Ed. 268 (1825), *Etting v. Bank of United States,* 24 U.S. (11 Wheat.) 59, 78, 6 L.Ed. 419 (1826) and *Durant.* These cases and all other cases that I have found, deal with matters in which the lower court entered judgments fully dealing with the underlying merits of particular litigation, contrary to the *Schatz* violation we have here.

*Neil* stands for the proposition that even a merits judgment affirmed by an evenly divided court has neither binding effect on a collateral issue nor precedential weight. In *Neil,* Justice Powell noted that the Tennessee Supreme Court had earlier affirmed Biggers' rape conviction which was, in turn, on certiorari, affirmed by an equally divided United States Supreme Court. *Biggers v. Tennessee,* 390 U.S. 404, 88

S.Ct. 979, 19 L.Ed.2d 1267 (1968) (per curiam). The issue before the United States Supreme Court in *Neil* was whether this affirmance by an equally divided court in *Biggers v. Tennessee* was an "actual adjudication [statutorily] barring subsequent consideration" of a station house identification issue in a later federal habeas proceeding. *Neil*, 409 U.S. at 190, 93 S.Ct. 375. The Supreme Court permitted federal habeas review of the identification issue, deciding not to impose a statutory bar arising from the *Biggers v. Tennessee* affirmance "because of the absence of a majority position" by the Supreme Court on the state conviction. *Id.* at 192, 93 S.Ct. 375. Here, contrary to *Neil* precedent, the en banc court's equally divided affirmance of a district court non-merits order will have the effect of taking Officer Edwards back to trial without any actual adjudication of his right to qualified immunity.

*Durant,* decided well before the day that interlocutory appeals on the issue of qualified immunity appeared on the judicial horizon, likewise demonstrates, but in a slightly different way, the impropriety of the en banc panel's order in this case. Justice Field states that affirmance of the court below, here the district court,

> is, indeed, the settled practice in such [a] case . . .; but this is only the most convenient mode of expressing the fact that the cause is finally disposed of in conformity with the action of the court below, and that that court can proceed to enforce its judgment. The legal effect would be the same if the appeal, or writ of error, were dismissed.

*Durant,* 74 U.S. at 112. If this appeal is in essence dismissed and the district court's present order is enforced as a result, as Justice Field opined it should be, Officer Edwards goes back to trial before a jury in clear violation of Supreme Court precedent established one hundred and thirty-three years later.

Two additional cases dealing directly with the equally divided rule and qualified immunity, *Kissinger v. Halperin,* 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981) (per curiam) and *Norwood v. Bain,* 166 F.3d 243 (4th Cir.1999) (en banc) (per curiam), are likewise unhelpful. Neither involve a failure or refusal to determine the availability of qualified immunity and neither had the benefit of the immunity determination procedures mandated by *Saucier.*

Application of any court-made rule should not result in a judicial attempt to force a square peg into a round hole. Its use must be rational, must accommodate binding precedent and must serve the ends of justice. Instead of forcing this untoward result, the en banc panel order should, at least, follow *Schatz*'s reasoning and remand this matter to the district court with directions to follow the marching orders of *Saucier,* rather than affirming the entirely improvident district court order. More appropriately though, the en banc panel should follow the dictates of *Wilson v. Layne* and grant Officer Edwards qualified immunity as a matter of law.

## SUMMARY AND CONCLUSION

In summary, giving plaintiff Kenyon's allegations the most charitable reading possible, the district court tentatively determined that Officer Edwards possibly violated Kenyon's constitutional right to be free from excessive force. On this tenuous basis alone, and without ruling on Edwards' contention that a reasonable officer under the specific facts of this situation would not have known he was violating Kenyon's rights, the district court denied Edwards qualified immunity and set the underlying dispute for trial. At the previ-

728

ous trial, as also earlier noted, some number of the members of the jury rejected Kenyon's factual allegations. On appeal to a three-judge panel, two members of the panel rejected Kenyon's constitutional and reasonable knowledge claims. On appeal to a twelve-member en banc panel, six members of the en banc court would have granted Edwards immunity on one or both of his *Saucier* claims. So, although Kenyon has not mustered a necessary majority vote on any of the underlying or interlocutory claims at any point in this dispute, Officer Edwards is headed back to a jury trial on the excessive force claim through the unfortunate misapplication of the so-called equally divided court rule.

We should never condone police brutality. Neither should we disregard the difficulties inherent in the work of our police community. The people of Searcy, Arkansas, sent Officer Edwards into a dicey situation in which he was forced to encounter plaintiff Kenyon, a less than cooperative individual based on undisputed portions of the record before us. Although Edwards handled his duties in a totally lawful manner in the view of some jurors and at least two (or perhaps more) of the circuit judges reviewing the matter, he now finds his time, reputation and personal assets in jeopardy at a jury trial that should not be allowed to occur.

From this result I dissent. And if a majority of the en banc panel insists on pursuing this course of action, I urge Officer Edwards to seek relief through writ of certiorari to the United States Supreme Court.