RANDOLPH, Presiding Justice,
specially concurring:
¶ 14. Justice King’s opinion is not only well-stated and most persuasive, it reaches the same conclusion agreed to by a majority of the members of this Court, with all nine justices participating, in a prior case. See Polk v. State of Mississippi, 2013-CA-00701-SCT, 150 So.3d 967, (Miss. Oct. 9, 2014) (reh’g denied Dec. 4, 2014). In Polk, five justices agreed that no authority exists under this Court’s caselaw or our state’s statutes allowing for the expungement of the record of a criminal conviction for which a pardon was granted. In today’s case, the eight justices participating are deadlocked on the same issue.
¶ 15. Thus, I am constrained to specially concur and express my view that the issuance of a judgment of affirmance is the appropriate disposition of the case sub ju-dice. Today, four justices agree to affirm the trial court’s judgment, and four justices disagree. Thus, the judgment of the trial court should be affirmed. See Rockett Steel Works v. McIntyre, 15 So.2d 624 (Miss.1943) (“trial court must be, and is, affirmed”).
¶ 16. This disposition was first articulated by Chief Justice Marshall for the United States Supreme Court. Chief Justice Marshall wrote:
No attempt will be made to analyze [the parties’ arguments and cited cases], or to decide on their application to the case before us, because the Judges are divided respecting it. Consequently, the principles of law which have'been argued cannot be settled; but the judgment is affirmed, the court being divided in opinion upon it.
Etting v. Bank of United States, 24 U.S. 59, 78, 11 Wheat. 59, 6 L.Ed. 419 (1826). In Durant v. Essex Co., 74 U.S. 107, 7 Wall. 107, 19 L.Ed. 154 (1868), addressing the effect of affirmance by a divided court, Justice Field wrote that:
There is nothing in the fact that the judges of this court were divided in opinion upon the question whether the decree should be reversed or not, and, therefore, ordered an affirmance of the decree of the court below. The judgment of affirmance was the judgment of the entire court. The division of opinion between the judges was the reason for the entry of that judgment; but the reason is no part of the judgment itself.
Durant, 74 U.S. at 110. If division of opinion is the reason for the judgment, what purpose do the conflicting opinions serve? The principles of law argued cannot be settled by eight evenly divided justices, and the conflicting opinions provide no authority for the determination of other cases.
¶ 17. The U.S. Supreme Court has explained that:
it is obvious that that which has been done must stand unless reversed by the *1144 affirmative action of a majority. It has therefore been the invariable practice to affirm, without opinion, any judgment or decree which is not decided to be erroneous by a majority of the court sitting in the cause.... [A]n affir-mance by an equally divided court is ... a conclusive determination and adjudication of the matter adjudged; but the principles of law involved not having been agreed upon by a majority of the court sitting prevents the case from becoming an authority for the determination of other cases, either in this or in inferior courts.
Hertz v. Woodman, 218 U.S. 205, 212-14, 30 S.Ct. 621, 622-28, 54 L.Ed. 1001 (1910) (emphasis added).
¶ 18. Thus, as the judgment of the Circuit Court of Tallahatchie County has not been decided to be erroneous by a majority of the justices sitting in this case, we should affirm without opinion. .