# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0156, <u>Katherine Frederick v. New Hampshire Department of Health and Human Services</u>, the court on March 12, 2021, issued the following order:**

The plaintiff, Katherine Frederick, appeals a decision of the Superior Court (<u>McNamara</u>, J.) dismissing her wrongful discharge claim against the defendant, the New Hampshire Department of Health and Human Services (DHHS), as barred by the statute of limitations. DHHS cross-appeals, asserting that the trial court erred when it failed to dismiss Frederick's claim on the alternative ground that, as a state employee subject to personnel laws and a collective bargaining agreement, the claim was unavailable to her. DHHS relatedly argues that, because other remedies for termination are available to Frederick under the law, her wrongful termination action is not a cognizable "claim" for the purposes of RSA chapter 541-B, <u>see</u> RSA 541-B:1, II-a (2007) (defining "claim"), and that, therefore, the trial court lacked subject matter jurisdiction.

In this case, the court is evenly divided. Two members of the court agree that the plaintiff's claim should be dismissed; two members of the court would reverse the trial court's dismissal and remand for further proceedings.

As the United States Supreme Court has explained,

> in such cases, it is the appellant or petitioner who asks the Court to overturn a lower court's decree. "If the judges are divided, the reversal cannot be had, for no order can be made. The judgment of the court below therefore stands in full force. It is, indeed, the settled practice in such case to enter a judgment of affirmance, but this is only the most convenient mode of expressing the fact that the cause is finally disposed of in conformity with the action of the court below, and that that court can proceed to enforce its judgment. The legal effect would be the same if the appeal, or writ of error, were dismissed."

<u>Neil v. Biggers</u>, 409 U.S. 188, 192 (1972) (quoting <u>Durant v. Essex Co.</u>, 74 U.S. 107, 112 (1869)). Such an affirmance by an evenly-divided court is not entitled to precedential weight. <u>Id</u>.

Consistent with the Supreme Court's settled practice, we also enter a judgment of affirmance in cases in which the judges are evenly divided.  See, e.g., PK's Landscaping, Inc. v. N.E. Telephone Co., 128 N.H. 753, 758 (1986); State v. Murphy, No. 2019-0299 (N.H. August 14, 2020).  This is such a case. Accordingly, the judgment of the superior court is affirmed by an evenly-divided court.

Affirmed.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., participated.


**Timothy A. Gudas,
Clerk**