# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0521, <u>Louise Spencer v. Governor, State of New Hampshire</u>, the court on March 1, 2023, issued the following order:**

The court has reviewed the written and oral arguments of the parties and the record submitted on appeal.  The plaintiff, Louise Spencer, submitted to the Office of the Governor a request for certain communications, including email, citing RSA chapter 91-A (the Right-to-Know Law) and Part I, Article 8 of the State Constitution.  After the Governor's Office responded, and the parties were unable to reach agreement, the plaintiff filed a petition seeking declaratory and injunctive relief pursuant to RSA chapter 91-A and Part I, Article 8 of the New Hampshire Constitution.  The Superior Court (<u>Kissinger</u>, J.) granted the Governor's motions to dismiss and for summary judgment.

The questions on appeal are: (1) whether the Right-to-Know Law applies to the Governor's Office; (2) whether the search for records conducted by the Governor's Office was reasonable under the Right-to-Know Law and Part I, Article 8 of the New Hampshire Constitution; (3) whether eleven emails withheld by the Governor's Office constituted "governmental records" subject to disclosure under RSA 91-A, I, or Part I, Article 8; and (4) if so, whether the emails are exempt from disclosure pursuant to a deliberative process privilege or an executive privilege.

In this case, the court is evenly divided on each issue.  As the United States Supreme Court has explained,

> in such cases, it is the appellant or petitioner who asks the Court to overturn a lower court's decree.  "If the judges are divided, the reversal cannot be had, for no order can be made.  The judgment of the court below, therefore, stands in full force.  It is, indeed, the settled practice in such case to enter a judgment of affirmance; but this is only the most convenient mode of expressing the fact that the cause is finally disposed of in conformity with the action of the court below, and that that court can proceed to enforce its judgment. The legal effect would be the same if the appeal, or writ of error, were dismissed."

<u>Neil v. Biggers</u>, 409 U.S. 188, 192 (1972) (quoting <u>Durant v. Essex Co.</u>, 74 U.S. 107, 112 (1869)).  Such an affirmance by an evenly-divided court is not entitled to precedential weight.  <u>Id</u>.

Consistent with the Supreme Court's settled practice, we also enter a judgment of affirmance in cases in which the judges are evenly divided. <u>See, e.g.</u>, <u>PK's Landscaping, Inc. v. N.E. Telephone Co.</u>, 128 N.H. 753, 758 (1986); <u>State v. Murphy</u>, No. 2019-0299 (N.H. August 14, 2020). This is such a case. Accordingly, the judgment of the superior court is affirmed by an evenly-divided court.

<u>Affirmed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., participated.

**Timothy A. Gudas,
Clerk**