408 October 5, 2023 No. 26

IN THE SUPREME COURT OF THE
STATE OF OREGON

Jamie MARTINEAU,
Personal Representative of the Decedent,
Aaron Martineau,
*Respondent on Review,*

*v.*

McKENZIE-WILLAMETTE MEDICAL CENTER,
an assumed business name of
McKenzie-Willamette Regional Medical Center Associates,
a limited liability company,
*Defendant,*

*and*

RADIOLOGY ASSOCIATES, P.C.,
a corporation;
Dariusz Zawierucha, M.D.,
an individual,
*Petitioners on Review,*

*and*

CASCADE MEDICAL ASSOCIATES,
the assumed business name of
Doctor's Emergency Room Corporation, P.C.,
a corporation;
and Gary Josephsen, M.D., an individual,
*Petitioners on Review.*

(SC S069760) (Control)

Jamie MARTINEAU,
Personal Representative of the Decedent,
Aaron Martineau,
*Respondent on Review,*

*v.*

MCKENZIE-WILLAMETTE MEDICAL CENTER,
an assumed business name of
McKenzie-Willamette Regional Medical Center Associates,
a limited liability company,
*Defendant,*

*and*

RADIOLOGY ASSOCIATES, P.C.,
a corporation;
Dariusz Zawierucha, M.D.,
an individual,
*Petitioners on Review,*
*and*

CASCADE MEDICAL ASSOCIATES,
the assumed business name of
Doctor's Emergency Room Corporation, P.C.,
a corporation;
and Gary Josephsen, M.D., an individual,
*Petitioners on Review.*
(SC S069762)

(CC 17CV36517) (CA A172846)
(SC S069760 (Control); S069762)

On respondent on review's petition for reconsideration filed July 21, 2023; considered and under advisement September 7, 2023.*

Travis Eiva, Eiva Law, Eugene, filed the petition for reconsideration and reply on behalf of respondent on review.

Hillary A. Taylor, Keating Jones Hughes, P.C., Portland, filed the response to the petition for reconsideration for petitioners on review Cascade Medical Associates and Gary Josephsen, M.D. Also on the response was Alice S. Newlin, Lindsay Hart, LLP, Portland, for petitioners Radiology Associates, P.C., and Dariusz Zawierucha, M.D.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, and Bushong, Justices, and Walters and Nakamoto, Senior Judges, Justices pro tempore.**

––––––––––––––

\* 371 Or 247, 533 P3d 1 (2023); on review from the Court of Appeals, 320 Or App 534, 514 P3d 520 (2022).

\*\* James and Masih, JJ., did not participate in the reconsideration of this case.

BUSHONG, J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of plaintiff's remaining assignments of error.

*Held*

**BUSHONG, J.**

Plaintiff petitions for reconsideration of this court's decision in *Martineau v. McKenzie-Willamette Medical Center*, 371 Or 247, 533 P3d 1 (2023), which reversed the decision of the Court of Appeals and affirmed the trial court's entry of judgment for defendants. Plaintiff seeks reconsideration of the merits of our opinion and the disposition. Plaintiff also seeks clarification of footnote 14 of the opinion, arguing that it could be incorrectly understood to state that a plaintiff asserting a loss of chance claim involving a decedent must prove that the defendant's negligence caused the death. To clarify that footnote, we modify it as follows: "To the extent that plaintiff's theory is that she should be able to recover damages *for decedent's death* without proving that, more likely than not, defendants' negligence caused decedent's death * * * the claim fails because, in *Smith*, we rejected the theory that a lost chance claim can be based on a lowered standard of proof of causation. * * *." (Modification italicized.)

We decline to reconsider the merits of our opinion, but agree that our ultimate disposition was in error. In affirming the trial court's entry of judgment for defendants, we did not consider plaintiff's second, third, and fourth assignments of error raised in the Court of Appeals that challenged evidentiary rulings by the trial court. Because the Court of Appeals reversed the trial court judgment on plaintiff's first and fifth assignments of error and remanded for a new trial, it declined to address those remaining assignments of error. *Martineau v. McKenzie-Willamette Medical Center*, 320 Or App 534, 536, 514 P3d 520 (2022). Thus, the evidentiary rulings challenged in those other assignments of error have not been reviewed on appeal. Consistent with our usual practice, plaintiff's appeal therefore should be remanded to the Court of Appeals to consider those assignments of error. Accordingly, we allow plaintiff's petition for reconsideration and modify the disposition in *Martineau*, 371 Or at 250, 278, as follows:

"The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of plaintiff's remaining assignments of error."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of plaintiff's remaining assignments of error.