516　　　　　　　January 31, 2024　　　　　　No. 64

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

John FAGAN,
*Plaintiff-Appellant,*

*v.*

SALEM BRAIN & SPINE, LLC,
an Oregon limited liability company,
and Magdalena Banasiak, M.D.,
*Defendants-Respondents,*

*and*

OREGON ANESTHESIOLOGY GROUP, P.C.
and Jonathan Young, M.D.,
*Defendants.*

Multnomah County Circuit Court
18CV12957; A179552

Stephen K. Bushong, Judge.

Argued and submitted December 13, 2023.

Stephen J. Voorhees argued the cause and filed the brief for appellant.

Jay W. Beattie argued the cause for respondents. Also on the brief were Connie Elkins McKelvey, Katie M. Eichner, and Lindsay Hart, LLP.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this medical malpractice action, plaintiff John Fagan suffered esophageal injuries after a spine surgery performed by defendant Dr. Magdalena Banasiak. A jury found that Banasiak was not negligent and, consequently, that neither she nor her employer, defendant Salem Brain & Spine, LLC, was financially liable for those injuries. On appeal of the resulting judgment, plaintiff raises a single assignment of error. He argues that the trial court plainly erred when it instructed the jury, "Physicians are not negligent merely because their efforts were unsuccessful. A physician does not guarantee a good result by undertaking to perform a service." That instruction was Uniform Civil Jury Instruction (UCJI) 44.03 at the time. Plaintiff did not object to the instruction at trial and therefore requests plain-error review. We conclude that the court did not commit plain error and, accordingly, affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, appellate courts have discretion to correct a "plain" error. ORAP 5.45(1); *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (it is a discretionary decision whether to correct a plain error). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether the legal point is obvious and not reasonably in dispute is determined based on the law as it exists at the time of our appellate decision, not at the time of trial or at the time the appeal was filed. *See State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022) ("Whether a plain error occurred does not turn on the law at the time of trial, but rather depends on the law at the time of the appellate decision." (Internal quotation marks omitted.)).

About seven weeks after the jury returned its verdict in this case, we issued our decision in *Martineau v. McKenzie-Willamette Medical Center*, 320 Or App 534, 536, 514 P3d 520 (2022), *rev'd and rem'd*, 371 Or 247, 533 P3d 1, *adh'd to as modified on recons*, 371 Or 408, 537 P3d 542

(2023), in which we held that the trial court erred in giving UCJI 44.03 over the plaintiff's objection in a malpractice action, because the instruction incorrectly stated the law and likely misled the jury, necessitating a new trial. Relying on that decision, plaintiff argues in his opening brief that it was plain error to give UCJI 44.03 in this case. After briefing closed, however, the Supreme Court reversed our decision in *Martineau*, holding that UCJI 44.03 "correctly stated the law and would not have been misleading or confusing to the jury." *Martineau v. McKenzie-Willamette Medical Center*, 371 Or 247, 278, 533 P3d 1, *adh'd to as modified on recons*, 371 Or 408, 537 P3d 542 (2023). Regarding the instruction not being misleading or confusing, the court considered the case and the instructions as a whole. *Id.* at 257 ("When viewed together, the instructions as a whole in the context of this case—which involved the worst possible outcome for the patient—appropriately told the jury that it must look to the standard of care, not the bad result, in determining whether the defendants were negligent.").

The Supreme Court's decision in *Martineau* would seem to defeat plaintiff's plain-error argument, and defendant contends that it does. Plaintiff tries to avoid that result, however, relying on Chief Justice Flynn's concurring opinion in *Martineau*. As previously noted, the Supreme Court held in *Martineau* that UCJI 44.03 "correctly stated the law and would not have been misleading or confusing to the jury." *Id.* at 278. Chief Justice Flynn, joined by Senior Justice Walters, filed a separate opinion "concurring in part and concurring in the judgment." *Id.* at 279 (Flynn, C. J., concurring in part and concurring in the judgment). Based on the separate opinion's designation and content, we understand the minority's position to be that it was error to give UCJI 44.03, because that instruction was misleading or confusing, but that the error was harmless on the particular facts of *Martineau*.[1] The concurrence asserts that the language of UCJI 44.03 "does not belong in a uniform jury instruction"

---

[1] At oral argument, plaintiff suggested that Chief Justice Flynn's separate opinion is better understood as a dissent. Although we disagree, even if that were true, it would not matter. A separate opinion joined by a minority of the justices has the same precedential value—that is, none—whether it is a concurrence or a dissent.

and that the Supreme Court has "*never* previously approved of instructing the jury on the concept described in UCJI 44.03 without the limiting language used in *Eckleberry* [*v. Kaiser Foundation et al*, 226 Or 616, 359 P2d 1090 (1961)]," which includes the standard of care. *Id*. at 279, 282-83 (emphasis in original). Further, as to a perceived implication in the majority opinion that "some prior criticism of an instruction is required before we will hold that it was error to give that instruction," the concurrence states that "this separate opinion can serve that function for future cases." *Id*. at 283.

Plaintiff seizes on the last statement, arguing that this is one of the "future case[s]" to which Chief Justice Flynn refers, because, on plain-error review, we apply the law as it exists at the time of our appellate decision. In plaintiff's view, the separate opinion in *Martineau* effectively establishes that it is error to give UCJI 44.03 going forward, now that Chief Justice Flynn and one other justice have criticized it.

Plaintiff's argument misconceives the role of a separate opinion, especially one founded on a disagreement with the majority. Chief Justice Flynn's separate opinion in *Martineau* may start a conversation among the bench and bar about UCJI 44.03—one that otherwise might not occur, given the Supreme Court's holding in *Martineau*.[2] However, a separate opinion joined by less than a majority of the Supreme Court has no precedential value. *See Durant v. Essex Company*, 74 US 107, 110, 19 L Ed 154 (1868) (recognizing that majority agreement is required for a multi-member court to act).

The Supreme Court's majority opinion in *Martineau* expressly concludes that UCJI 44.03 correctly states the law. 371 Or at 260. It therefore cannot be "obvious" that it misstates the law. *Vanornum*, 354 Or at 629 (requiring that "the

---

[2] We note that the Uniform Civil Jury Instruction Committee withdrew UCJI 44.03 based on the Court of Appeals decision in *Martineau—see Martineau*, 371 Or at 260 n 8 (noting same)—and that, as of the publication date of this decision, it remains withdrawn, with the committee note now citing the Supreme Court decision in *Martineau—see* Comment to UCJI 44.03, Oregon State Bar Committee on Uniform Civil Jury Instructions (Sept 2023).

legal point is obvious and not reasonably in dispute" for an error to be "plain"). As for whether UCJI 44.03 is misleading or confusing, the majority opinion in *Martineau* rejects the minority's view that it is inherently misleading or confusing and instead requires a case-specific approach. *See Martineau*, 371 Or at 257. That makes it significantly more challenging for plaintiff to establish plain error. In the end, we are unpersuaded that it "is obvious and not reasonably in dispute," *Vanornum*, 354 Or at 629, that giving UCJI 44.03 was confusing and misleading in this case, given the instructions as a whole and the particulars of this case, such that the trial court needed to *sua sponte* refuse to give the instruction, even absent an objection by plaintiff. It follows that the court did not commit a "plain" error.

Affirmed.